Todd E. Zenger (*pro hac vice pending*)
DUREN IP PC
610 E. South Temple Street
Suite 300
Salt Lake City, UT 84102
Tel.: 801-869-8535
Email: tzenger@durenip.com

Ryan E. Borneman
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103-4196
Tel.: 215-979-1105
Email: reborneman@duanemorris.com

*Attorneys for Bounts Technologies Ltd.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BOUNTS TECHNOLOGIES LTD.,** | : | |
| | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **NO.** |
| **v.** | : | |
| | : | |
| **CONNECTIFY, INC., and DOES 1-100,** | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

## COMPLAINT FOR PATENT INFRINGEMENT

## INTRODUCTION

Plaintiff, Bounts Technologies Ltd. by and through its attorneys, complaining of

Defendant Connectify, Inc. seeks judgment and other relief for patent infringement of United

DM1\13929830.1

States Patent No. 9,258,309 caused by the manufacture, importation, exportation, sale, offer for sale and/or use of devices and/or methods of Defendant and/or of others induced by Defendant.

## JURISDICTION AND VENUE

1.      This action arises under the patent laws of the United States.  35 U.S.C. § 1 et. seq.  Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1338.

2.      Venue is proper in this District under 28 U.S.C. §§ 1400 because Defendant has its regular place of business in this District.

## PARTIES

3.      Plaintiff, Bounts Technologies Ltd., is a United Kingdom entity of London, UK ("Bounts" or "Plaintiff").  Bounts has all necessary legal rights to bring this action.

4.      Defendant Connectify, Inc. is a Delaware entity having its principal place of business in Philadelphia, Pennsylvania ("Connectify" or "Defendant") and is doing business in this district.

5.      Does 1-100 are believed to distributors, resellers or end users of Defendant's Products, defined below.

## ASSERTED PATENTS

6.      This case relates to United States Patent No. 9,258,309 ("'309 Patent"),[1] for operating a wireless access point for providing access to a network.   By assignment, Bounts is the owner of all rights in the '309 Patent.

7.      Bounts designs, develops, produces, manufactures, markets, sells and distributes devices and/or methods for operating a wireless access point for providing access to a network.

---

[1] Exhibit 1, copy of United States Patent No. 9,258,309.

8.      The devices and methods of Bounts are protected by the '309 Patent.

9.      Bounts sells and offers for sale devices and methods for operating a wireless access point for providing access to a network throughout the United States, including in the state of Pennsylvania.

## INFRINGEMENT OF ASSERTED PATENTS

10. Without authorization from Bounts, Defendant has and/or does manufacture, import into, sell, offer for sale, use and/or provide and promotes in the United States systems and/or methods for operating a wireless access point for providing access to a network including, but not limited to, its WiFi direct products ("Defendant's Products").

11.      Defendant's Products include systems and/or methods named Connectify Hotspot which provide and operate a wireless access point for providing access to a network by providing a local hotspot.

12.      For example, claim 1 of the '309 Patent claims:

A method of operating a single network adapter, comprising a single network interface card or module, to communicate wirelessly with a first sub-network and a second sub- network, the method comprising:

> setting up a first network address and routing table in the network interface card or module for use in the first sub-network;

> setting up a second network address and routing table in the network interface card or module for use in the second sub-network;

> using said single network interface card or module to receive data for one of the first and second sub-networks, and to re-transmit the data to the other of the first and second sub-network, using the network addresses and routing tables,

> wherein the first sub-network includes a network gateway and the network adapter is configured to control access from the second sub-network to the network gateway, and

> wherein the step of receiving data comprises receiving a request from a user via the second sub-network to access the gateway

DM1\13929830.1

on the first sub-network, verifying the user's access rights, and allowing the user to access the gate- way if and only if the user is entitled to access the gateway.

13.     Claim 1 of the '309 Patent reads on the systems, processes and/or methods of using Defendant's Products offered for sale, sold, taught, encouraged and induced by Defendant in the United States.

14.     At least claim 1 of the '309 Patent ("Asserted Claim") reads on Defendant's Products ("Infringing Methods").

15.     Without authorization from Bounts, Defendant has and/or does manufacture, import into, sell, offer for sale, use provide, promote, teach and/or encourage the use of Infringing Products in or export them out of the United States.

16.      Without authorization from Bounts, Defendant has actively induced and/or is actively inducing one or more distributors and/or resellers to further sell, provide, promote, teach and encourage the use of Infringing Products in the United States.

17.      Without authorization from Bounts, Defendant has actively induced and/or is actively inducing customers and/or other third parties to use Infringing Methods in the United States.

18.     Defendant's conduct constitutes infringement of one or more claims of the '309 Patent.

19.     The forgoing conduct of Defendant has caused and will continue to cause irreparable harm to Bounts.

20.     The conduct of Defendant is knowing and willful and will continue to be knowing and willful unless enjoined by this Court.

21.     The forgoing conduct of Defendant has caused and will continue to cause harm and damage to Bounts.

22.     Because the conduct of Defendant has been and continues to be knowing and willful, this is a case in which Defendant should be required to pay Bounts' increased damages and attorney's fees.

## COUNT I

### (Direct Infringement of one or more claims of the '309 Patent)

23.     Bounts incorporates by reference all the allegations of paragraphs 1 through 22 of this Complaint as though set forth here in full.

24.     Pursuant to the patent laws of the United States, using the methods and/or products of Defendant's Products by Defendant and others constitute direct infringement of claim 1 of the '309 Patent by either literal infringement or by infringement under the doctrine of equivalents.

25.     This infringement has been knowing, willful, in bad faith and/or in reckless disregard of the rights of Bounts.

26.     This infringement has caused Bounts monetary damage in an amount of at least $100,000, or a greater amount to be proven at trial.

27.      Bounts' rights have been irreparably harmed and each Defendant and each should be enjoined from further infringement.

DM1\13929830.1

## COUNT II

### (Induced Infringement of one or more claims of the '309 Patent)

28.    Bounts incorporates by reference all the allegations of paragraphs 1 through 27 of this Complaint as though set forth here in full.

29.    Pursuant to patent laws of the United States, the forgoing products and/or acts of Defendant constitute inducing infringement by others of at least claim 1 of the '309 Patent.

30.    The induced infringement by Defendant has been knowing, willful, in bad faith and/or in reckless disregard of the rights of Bounts.

31.    The induced infringement has caused Bounts monetary damage in an amount of at least $100,000, a greater amount to be proven at trial.

32.    The induced infringement has harmed Bounts' rights and should be enjoined from further infringement.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Bounts, prays for judgment and relief as follows:

A.    Judgment in favor of Bounts finding that Defendant is liable for direct infringement of the '309 Patent.

B.     Judgment in favor of Bounts finding that Defendant is liable for inducing infringement of the '309 Patent.

C.     Judgment that the infringement by Defendant has been willful.

D.    An award of at least $175,000, and a further accounting for and an award of any and all other ascertainable damages as determined at trial, related to the unlawful acts of Defendant.

E.      Judgment in favor of Bounts that damages should be increased up to three times.

F.      For permanent injunctive relief ordering Defendant and those associated with

Defendant to refrain from further infringing any claims of the '309 Patent.

G.      For reasonable attorney's fees, costs and interest.

H.      For such further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands

trial by jury on all issues raised by the Complaint.

Dated this 8th day of March, 2023.

/s/  _Ryan E. Borneman__

Todd E. Zenger
Duren IP, PC
610 E. South Temple Street,
Suite 300
Salt Lake City, UT 84102
801-869-8535
Email: tzenger@durenip.com

Ryan E. Borneman
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103-4196
Tel.: 215-979-1105
Email: reborneman@duanemorris.com

7

DM1\13929830.1