## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOUNTS TECHNOLOGIES LTD., | : | |
| Plaintiff, | : | CASE NO. 2:23-cv-890 |
| | : | |
| v. | : | Judge Mia Roberts Perez |
| | : | |
| CONNECTIFY, INC. AND DOES 1-100, | : | |
| | : | |
| Defendants. | : | |
| | : | |

### DECLARATION OF KAMRAN EMDADI, ESQ. IN SUPPORT OF CONNECTIFY'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I, Kamran Emdadi, do declare and state as follows:

1.    I am a patent attorney working with Connectify, Inc., a Defendant in this litigation.

2.    I have personal knowledge of the facts stated in this Declaration.

3.    I submit this Declaration in support of Connectify's Opening Brief in Support of its Motion for Sanctions Under Federal Rule of Civil Procedure 11.

4.    Immediately after Bounts filed this lawsuit on March 8, 2023, I studied Bounts' U.S. Patent No. 9,258,309 (the "Patent-in-Suit") and analyzed whether any of Connectify's products or the methods of using those products infringe any claim of the Patent-in-Suit.  I determined that Connectify's products and methods do not infringe.

5.    I worked with Connectify's outside counsel, Kevin Casey of Stradley, Ronon, Stevens & Young, LLP, to draft a document titled "ANALYSIS OF US 9,258,309 B2."  That document is attached as **Exhibit A** to the Declaration of Kevin Casey in support of Connectify's Motion for Rule 11 Sanctions.  Mr. Casey sent that document to Todd E. Zenger, Esq., counsel for

Bounts, on March 17, 2023. The analysis reflected in that document confirms that Bounts' patent infringement claims are not warranted under existing law or a non-frivolous argument for new law.

6.      After Mr. Casey sent the document to Mr. Zenger, Mr. Casey and I conferred with Mr. Zenger on the same day: March 17, 2023. Mr. Casey and I explained further to Mr. Zenger why Connectify's products and the methods of using those products do not infringe any claim of the Patent-in-Suit.

7.      To date, Mr. Zenger has not substantively responded to either the document or our explanation.

8.      Connectify products and methods do not use two routing tables in a single network interface card or module. No Connectify products or methods put any routing table in a network interface card or module.

9.      No Connectify products or methods establish two subnetworks by setting up first and second network addresses in a single network interface card.

10.     Connectify products or methods may establish one translation table that can interpret a packet destination received for one of three possibilities (destinations): (i) the IP controller (hotspot router): (ii) a device on the network (could send a packet from one device to another); or (iii) a remote third party device that would route the packet to its destination via whatever IP translation and identification process is available on such devices (this external networking routing (internet) is not part of another/second routing table needed or used by the hotspot router).

11.     No Connectify products or methods require interaction with a user; the products and methods are fully automated.

12.     Connectify was completely unaware of either the Patent-in-Suit or Bounts' allegations of infringement before Bounts filed the lawsuit on March 8, 2023.

13.     Connectify does not know of any third party that has engaged in activity that constitutes a direct infringement of any claim of the Patent-in-Suit.  Nor has Connectify taken any action to induce direct infringement by a third party.

14.     Connectify has sold the product that Bounts accuses of infringement, called the "Connectify Hotspot," for fourteen years and the Patent-in-Suit issued in 2016.

15.     I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.


Dated: August 1, 2023


_____
Kamran Emdadi