IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOUNTS TECHNOLOGIES LTD., <br><br> Plaintiff, <br><br> v. <br><br> CONNECTIFY, INC. AND DOES 1-100, <br><br> Defendants. | CASE NO. 2:23-cv-890 <br><br> Judge Mia Roberts Perez |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION OF DEFENDANT, CONNECTIFY, INC., TO STRIKE PLAINTIFF'S
SECOND AMENDED COMPLAINT AND PLAINTIFF'S OPPOSITION TO
CONNECTIFY'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Defendant, Connectify, Inc. ("Connectify"), by and through its counsel, Stradley Ronon Stevens & Young, LLP, submits this Memorandum of Law in support of its Motion to Strike Plaintiff's Second Amended Complaint [Dkt. no. 26] and Plaintiff's Opposition to Connectify's Motion to Dismiss Plaintiff's First Amended Complaint [Dkt. no. 27], on the bases that: (1) Plaintiff did not seek Connectify's consent or the court's leave before filing its Second Amended Complaint as required by Rule 15(a)(2) of the Federal Rules of Civil Procedure; and (2) Plaintiff's Opposition to Connectify's Motion to Dismiss Plaintiff's First Amended Complaint was filed after the extended deadline of September 27, 2023, and therefore contravenes the Court's September 26, 2023 Order [Dkt. no. 25].

**I.     PROCEDURAL BACKGROUND**

Plaintiff, Bounts Technologies Ltd. ("Plaintiff"), originally commenced this action on March 8, 2023, when it filed, but did not serve, its Complaint accusing Connectify of direct infringement, induced infringement, and willful infringement of U.S. Patent No. 9,258,309 (the

"Patent-in-Suit" or "the '309 Patent").[1]  Neither Plaintiff nor its counsel contacted Connectify or its counsel before filing the lawsuit.  In fact, Connectify was completely unaware of either the Patent-in-Suit or Plaintiff's allegations of infringement before the lawsuit was filed.  On March 17, 2023, Kevin Casey, outside counsel for Connectify, and Kamran Emdadi, Connectify's inhouse patent attorney, forwarded to Plaintiff's counsel, Todd Zenger, a document summarizing the operation of Connectify's products and methods and explaining why Connectify does not infringe the claims of the Patent-in-Suit.  In a call later that same day counsel for Connectify provided further explanation of non-infringement and provided Mr. Zenger Connectify's address should he wish to serve the Complaint.  Counsel for Connectify endeavored to open a dialogue to discuss what appeared to be a meritless and frivolous case before either party traveled too far down the road of litigation.  Plaintiff would have none of it and refused to engage in any further discussions after hearing and learning Connectify's position.

The 90-day period for serving Plaintiff's Complaint filed on March 8, 2023, expired before Plaintiff served Connectify.  On July 10, 2023, the Court granted Plaintiff sixty (60) additional days from June 6, 2023, to serve the Complaint, up to and including August 7, 2023 [Dkt. no. 7].  On July 11, 2023, Kevin Casey, Esquire accepted service of the Complaint on behalf of Connectify [Dkt. no. 8].

On July 12, 2023, Connectify's counsel served Plaintiff's counsel with a letter advising of Connectify's intent to seek sanctions under Fed. R. Civ. P. 11, and fully and substantively describing the specific conduct that violates Rule 11(b) and the basis for Rule 11 sanctions, citing the Rule 11 standard, and providing Plaintiff twenty-one (21) days' notice and opportunity

---

[1] Over a half-year later, and after both several tries and the guidance provided in communications including various motions by Defendant, Plaintiff has still not served a viable complaint.

2

to correct the issues or withdraw its claims (the "First Rule 11 Letter"). Plaintiff chose not to withdraw its Complaint despite Connectify's notice that it would file a motion for Rule 11 sanctions. On August 3, 2023, Connectify filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim [Dkt. no. 10] ("First Motion to Dismiss") and a Motion for Rule 11 Sanctions [Dkt. no. 11] ("First Rule 11 Motion"). Despite having filed an Opposition to Connectify's First Motion to Dismiss on August 17, 2023 [Dkt. no. 14][2], Plaintiff subsequently filed an Amended Complaint[3] on August 21, 2023. *See* Am. Compl. [Dkt. no. 15]. Plaintiff's Amended Complaint failed to cure the Rule 11(b) violations that were detailed in Connectify's First Rule 11 Motion [Dkt. no. 11] and most of the pleading defects in its original Complaint that were detailed in Connectify's First Motion to Dismiss [Dkt. no. 10], both of which were filed on August 3, 2023. Despite these repeated warnings, Plaintiff "doubled down" on its frivolous claims by filing an Amended Complaint reasserting those same claims even after it had been served with the First Rule 11 Motion.

Since Plaintiff's Amended Complaint, just like its original Complaint, is nothing more than a set of legal conclusions asserting that Connectify infringes the Patent-in-Suit without any supporting facts to state plausible claims for direct infringement, induced infringement, or willful infringement, Connectify filed a Motion to Dismiss the Amended Complaint on September 1, 2023 [Dkt. no. 18] (the "Second Motion to Dismiss"). Because Plaintiff filed an Amended Complaint, although it was plagued with the same defects as the original Complaint,

---

[2] Plaintiff's Opposition to the First Rule 11 Motion was largely identical to Plaintiff's Opposition to Connectify's First Motion to Dismiss – in fact, pages 4 through 11 of its Opposition to the First Rule 11 Motion are identical to pages 2 through 8 of its Opposition to Connectify's First Motion to Dismiss.

[3] The only differences between the original Complaint and the Amended Complaint are Plaintiff's slight revisions to paragraphs 7, 9 and 15 of the original Complaint.

Connectify's counsel also served Plaintiff's counsel with a revised and renewed Motion for Rule 11 Sanctions pursuant to Rule 11(c)(2) on August 22, 2023. On September 11, 2023, Mr. Zenger, counsel for Plaintiff, sought "a one-week extension of time for all current filing obligations and other filings permitted under the Rules in this case," to which counsel for Connectify agreed. On September 21, 2023, Mr. Zenger sought an <u>additional</u> three-day extension, until September 27, 2023, to respond to Connectify's Motion to Dismiss the Amended Complaint, to which Connectify's counsel again agreed.

On September 22, 2023, attorney Ryan E. Borneman withdrew his appearance as counsel for Plaintiff [Dkt. no. 22] and attorney Mark E. Seiberling entered his appearance on behalf of Plaintiff [Dkt. no. 21].[4] Because Plaintiff again refused to withdraw its defective claims with prejudice, Connectify filed a second Motion for Rule 11 Sanctions on September 22, 2023 [Dkt.no. 24] ("Second Rule 11 Motion"). On September 26, 2023, the Court granted Plaintiff's second Consent Motion for Extension of Time to File a Response to Connectify's Motion to Dismiss its Amended Complaint and ordered Plaintiff to file a response to Connectify's Motion to Dismiss by September 27, 2023 [Dkt. no. 25].

Apparently conceding the failures with its original Complaint and first Amended Complaint, on September 27, 2023, the deadline for responding to Connectify's Motion to Dismiss its Amended Complaint, Plaintiff filed a Second Amended Complaint [Dkt. no. 26]. Plaintiff did so without seeking Connectify's consent or leave of court as required by Rule 15(a)(2) of the Federal Rules of Civil Procedure. Incredibly, on September 28, 2023, *after* the deadline to file a response to Connectify's Motion to Dismiss its Amended Complaint had

---

[4] One possible explanation for Mr. Borneman's withdrawal is that the real risk of Rule 11 sanctions caused him to reconsider further involvement in this case.

4

passed, Plaintiff elected to file an Opposition to Connectify's Motion to Dismiss its Amended Complaint [Dkt. no. 27] (the "Opposition"). Even more remarkable is that Plaintiff's Opposition to Connectify's Motion to Dismiss its Amended Complaint relies on Plaintiff's improperly filed Second Amended Complaint, as opposed to its First Amended Complaint, as a basis for avoiding dismissal under Rule 12(b)(6). *See* Opposition [Dkt. no. 27]. Plaintiff's Opposition incorrectly asserts, *inter alia*, that Plaintiff's Second Amended Complaint, which was filed in violation of Rule 15(a)(2), somehow "renders [Connectify's] motion to dismiss moot." Opposition at p. 2. Plaintiff is wrong as its Second Amended Complaint is a nullity.

For these reasons, the Second Amended Complaint, filed in violation of Rule 15(a)(2), and Plaintiff's Opposition to Connectify's Motion to Dismiss its First Amended Complaint, which was filed *after* the deadline set by the Court's September 26, 2023 Order [Dkt. no. 25] and improperly relies on its Second Amended Complaint, must be stricken in their entirety. Further, because Plaintiff acted with undue delay, and in direct contravention of an Order of this Court and the Federal Rules of Civil Procedure, attorneys' fees and costs for the preparation, filing, and prosecution of the Motion to Strike should be awarded.

## II.     ARGUMENT

Plaintiff's Second Amended Complaint [Dkt. no. 26] was filed without Connectify's consent[5] or leave of court, and Plaintiff's Opposition to Connectify's Motion to Dismiss Plaintiff's First Amended Complaint [Dkt. no. 27] was filed *after* the extended deadline set forth in the Court's September 26, 2023, Order [Dkt. no. 25] and, therefore, both must be stricken. Rule 15(a)(2) of the Federal Rules of Civil Procedure permits the Court to strike pleadings that

---

[5] In fact, Plaintiff never even advised Connectify that it would be filing an amended complaint let alone sought its consent.

5

are in direct conflict with the Court's Order and violate the Rules.  *See* Fed. R. Civ. P. 15(a)(2) (" . . . a party may amend its pleading **only** with the opposing party's written consent or the court's leave.") (emphasis added).

Because Plaintiff violated the Court's September 26, 2023, Order [Dkt. no. 25] after seeking and obtaining two extensions from Connectify to respond to its Motion to Dismiss at ECF no. 18 and violated Rule 15(a)(2) of the Federal Rules of Civil Procedure, Connectify respectfully requests that it be awarded reasonable costs and attorneys' fees related to the preparation, filing, and prosecution of its Motion to Strike.  Plaintiff's actions in violating an Order of this Court and the Federal Rules of Civil Procedure and its undue delay in filing its Second Amended Complaint should not be countenanced.

Plaintiff's harassing and vexatious lawsuit should be brought to an end.  Enough is enough.  *See, e.g.*, *Bifulco v. SmithKline Beecham*, No. CIV. A. 06-3567, 2007 WL 2726146, at *3 (E.D. Pa. Sept. 18, 2007) (granting motion to strike Plaintiff's Second and Third Amended Complaints "[b]ecause Plaintiff is completely out of compliance with Rule 15" as leave of court or consent of the parties was required for any subsequent amendments and Plaintiff failed to secure either).  Even if Plaintiff will now seek retroactive leave to amend its Complaint, its request should be denied because Plaintiff engaged in undue delay and repeatedly failed to cure deficiencies, which forced Connectify to incur the time, expense and attorneys' fees associated with filing two motions to dismiss, two motions for Rule 11 sanctions, and this Motion to Strike.  Notably, all the operative facts which Plaintiff now seeks to add for the first time in its Second Amended Complaint were available to Plaintiff on Connectify's website, https://connectify.me/, when and before the original Complaint was filed nearly seven (7) months ago in March, so Plaintiff cannot claim that it only recently was able to learn of such facts.  Consequently, such

unexplainable undue delay, when viewed in combination with the procedural history and the above-described circumstances, justify denying any request Plaintiff may make to amend its complaint and granting Connectify's Motion to Strike.

### III.  CONCLUSION

For all the foregoing reasons, Connectify respectfully requests that this Court: (1) strike Plaintiff's Second Amended Complaint and Plaintiff's Response in Opposition to Connectify's Motion to Dismiss Plaintiff's First Amended Complaint from the record and direct the Clerk of Court to remove them from the docket; (2) grant Connectify's Motion to Dismiss Plaintiff's First Amended Complaint as unopposed and dismiss Plaintiff's First Amended Complaint with prejudice; and (3) award Connectify its reasonable costs and attorneys' fees related to the preparation and filing of the Motion to Strike.

          Respectfully submitted,

          Stradley Ronon Stevens & Young, LLP

          */s/ Samantha B. Kats*
          Kevin R. Casey, Esq. (Pa. Attorney No. 58083)
          Patrick R. Kingsley, Esq. (Pa. Attorney No. 62915)
          Samantha B. Kats, Esq. (Pa. Attorney No. 316178)
          30 Valley Stream Parkway
          Malvern, PA 19355
          610-640-5800
          Kcasey@stradley.com

          *Attorneys for Connectify, Inc.*

Dated: October 3, 2023