# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOUNTS TECHNOLOGIES LTD., <br><br> Plaintiff, <br><br> v. <br><br> CONNECTIFY, INC., and DOES 1-100 <br><br> Defendants. | CIVIL ACTION <br><br> NO. 2:23-cv-00890-MRP |

### DECLARATION OF LEVI RUSSELL
### REGARDING INSPECTION OF DEFENDANT'S PRODUCT

The declarant, Levi Russell, states follows:

1. I make this declaration based upon my own personal knowledge and experience.

2. I am the inventor of the subject matter of United States Patent No. 9,258,309 and assigned to Bounts Technologies, Ltd. ("'309 Patent").

3. I have been active in the computer and telecommunications arts since as early as 2001.

4. In the time frame of November 2008 when the patent application was originally filed, computers included the use of a network adapters comprising network interface cards. In 2008, a typical computer comprised a single network adapter comprising a single network interface card. '309 Patent, column 1, line 65 to column 2, line 3 (1:65-2:3).

1

5. In 2008, the computer hardware and software disclosed in the '309 Patent was any typical laptop, general purpose computer. '309 Patent, 3:57-61, 4:19-24, 8:35-39 and FIG. 4 "PC". Such typical computers comprised a single network adapter comprising a single network interface card comprising utilizing a list in table format of one or more routing destinations or routing tables. The list is referred to as a routing table. '309 Patent, 2:13-15, 2:58-67, 3:16-21, 3:57-61, 5:57-59, 7:9-11, 8:26-30. No typical 2008 computer or any computer disclosed in the '309 Patent comprised more than one network adapter, network interface card or routing table list.

6. In the context of the computers disclosed in the '309 Patent, the claimed inventions comprise routing tables which are routing table entries in the same routing table. For example, the claim language of the '309 Patent does not claim a "first routing table" and/or a "second routing table" because there was only one "routing table in the network interface card." but "a routing table in the [single] network interface card." '309 Patent, claim 1 and 19. That is, the claimed inventions use one routing table list for all sub-network IP addresses or sub-routing table entries (also known as routing tables) for governing travel of data packets between multiple devices in the computing system.

7. Based upon the nature and context of computing devices in 2008, the claimed inventions of the '309 Patent do not require two, distinct routing lists tables to govern data packet travel in multi-network or multi-device computing systems.

8. Prior to 2023, I inspected Connectify's Wifi Direct product called the Hotspot Product. I reviewed Defendant's own publications related to its Hotspot Product. I also downloaded, used and analyzed the Hotspot Product. I was able to identify software code, processes, routing tables, networks, steps and functionality of Defendant's Hotspot

2

Product that would be understood by one skilled in the art. For example, I was able to run, observe and analyze the operation, steps, code, code-induced functionality and results achieved by the methods employed by Defendant's Hotspot Products and as explained by Defendant's own published descriptions of the Hotspot Products. My inspection of the Hotspot Product revealed that Defendant's Hotspot Product embodies all the claim elements of claim 1 of the '309 Patent.

9. The '309 Patent is directed to "a method of operating a wireless access point for providing access to a network. This allows, for example, operation of a wireless access point for providing access to the Internet ( commonly know[n] as a "hotspot").[1] I identified that, like the '309 Patent, Defendant's Hotspot Products provides a wireless access point to the Internet: Indeed, Defendant admits: "Connectify Hotspot: Turn your PC into a Wi-Fi Hotspot and share Internet with all your devices."[2] Defendant expressly explains in its own publication[3]:



10. I also determined that like claim 1 directed to "a method of operating a single network adapter, comprising a single network interface card or module, to communicate wirelessly with a first sub-network and a second sub-network, " Defendant's Hotspot

---

[1] '309 Patent, 1:7-10 (citation format to '309 Patent throughout is to column:line(s)).
[2] www.connectify.me.
[3] www.connectify.me.

Products provides the same. Defendant expressly states[4] that using Defendant's Hotspot Products requires using just one network interface card namely "just your computer's internal WiFi card and Connectify Hotspot software:"

> **Best Virtual Router Software for Windows 7, 8, 10 and 11**
>
> If you need to share an Internet connection with other devices, extend a WiFi network or maybe just create a network between your devices, what will you use? Most probably the first thing that comes into your mind is a WiFi router. But there's no reason to spend time configuring it and carrying it around in order to stay connected on-the-road or at job sites. With just your computer's internal WiFi card and Connectify Hotspot software, you've got a fully-featured virtual router.

11. Based upon my observation, in the Hotspot Product the following are present. The first sub-network in a hotspot configuration is the network established between the computing device and the router also called the Wireless Local Area Network (WLAN). The first sub-network communicates with the network card in the computing device. The second sub-network is generated by Defendant's Hotspot Product software including its cross connect functionality. The cross connect functionality establishes a second, virtual sub-network which also communicates with the network card. The second sub-network includes an IP address of a routing table entry established by Defendant's Hotspot Products.

12. I also determined that like claim 1 directed to "setting up a first network address and routing table in the network interface card or module for use in the first sub-network" that the Defendant's Hotspot Product also does so. My observation of the operation of Defendant's Hotspot Product reveals that its first network address is an IP address received by the Defendant's hotspot software from the WLAN router and is used by

---

[4] https://connectify.me/virtual-router-for-windows/.

Defendant's Hotspot Product software to set up or configure a routing table entry with the network or IP address for use in the first sub-network.

13. My inspection also determined that like claim 1 directed to "setting up a second network address and routing table in the network interface card or module for use in the second sub-network" that Defendant's Hotspot Products uses this technique. My observation identified Defendant's Hotspot Product with its cross connection providing functionality of a DHCP server, setting up a second network address (virtual network) in a routing table entry. An example of setting up a second network address and routing table is found in the WiFi Alliance's Wi-Fi Peer-to-Peer (P2P) Technical Specification v1.7, section 3.2.6.1. That second network or IP address is used in the second sub-network of the Defendant's Hotspot Products.

14. In addition, my inspection determined that like claim 1 directed to "using said single network interface card or module to receive data for one of the first and second sub-networks, and to re-transmit the data to the other of the first and second sub-network, using the network addresses and routing tables" that Defendant's Hotspot Products also does so. I observed the use of routing tables and data transmission established, caused and used when Defendant's Hotspot Product software is running and which show that on the single network card, data is transmitted between the first and second sub-networks (WLAN and Guest) using the network addresses and routing tables/entries that are generated by Defendant's Hotspot Products including governance of data traffic between network destinations.

15. My inspection also determined that like claim 1 directed to "wherein the first sub-network includes a network gateway and the network adapter is configured to control

5

access from the second sub-network to the network gateway" that Defendant's Hotspot Products also include these features and functions. I observed that the cross connect functionality of Defendant's Hotspot Products uses the first sub-network to act as a gateway for transmitting data to and from the internet. I identified that the cross connect functionality of Defendant's Hotspot Products uses the network card or adapter configured to carry data from the second sub-network and to the network gateway and to control access between the second sub-network and the network gateway.

16. Further, my inspection also determined that like claim 1 directed to "wherein the step of receiving data comprises receiving a request from a user via the second sub-network to access the gateway on the first sub-network, verifying the user's access rights, and allowing the user to access the gateway if and only if the user is entitled to access the gateway." that Defendant's Hotspot Products also do so by receiving a data request from a user at the second sub-network seeking access to the gateway of the first sub-network. The Defendant's Hotspot Products with cross connect requires use of a password to verify the user's right to access the internet gateway. Within the cross connection functionality standard, the Defendant's Hotspot Product software verifies the user's access rights associated with the user's password and the user is allowed to access the gateway and beyond only if the user is entitled to access the gateway. An example of this

is taught in the WiFi Alliance's WiFi Peer-to-Peer (P2P) Technical Specification, section 3.2.1 P2P Group ID.

17. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

October 6, 2023     /s/ Levi Russell*

Levi Russell

*electronic signature by permission