IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| BOUNTS TECHNOLOGIES LTD., <br><br> Plaintiff, <br><br> v. <br><br> CONNECTIFY, INC. AND DOES 1-100, <br><br> Defendants. | CASE NO. 2:23-cv-890 <br><br> Judge Mia Roberts Perez |

**REPLY BRIEF IN FURTHER SUPPORT OF
SECOND MOTION OF DEFENDANT, CONNECTIFY, INC.,
FOR RULE 11 SANCTIONS AGAINST PLAINTIFF AND ITS COUNSEL**

Defendant, Connectify, Inc. ("Connectify"), submits this Reply Brief to respond briefly to the arguments advanced by Plaintiff in opposition (the "Opposition") [Dkt. no. 30] to Connectify's Second Motion for Sanctions against Plaintiff, Bounts Technologies Ltd. ("Plaintiff"), and its counsel of record pursuant to Rule 11 of the Federal Rules of Civil Procedure (the "Second Rule 11 Motion") [Dkt. no. 24].

As an initial matter, Plaintiff's Opposition implicitly concedes that its original Complaint and its Amended Complaint violated Rule 11(b) because it relies exclusively on its improperly filed Second Amended Complaint, which was filed *after* Connectify's Second Rule 11 Motion and in violation of Rule 15(a)(2) without leave of court or Connectify's consent and is currently the subject of Connectify's pending Motion to Strike [Dkt. no. 28].[1] This is just the latest example of Plaintiff's disregard for the Federal Rules of Civil Procedure and undue delay burdening the Court and Connectify with having to address its defective pleadings. Connectify

---

[1] Connectify filed a Motion to Strike Plaintiff's Second Amended Complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure on October 3, 2023. *See* Dkt. no. 28.

has already detailed at length the drawn-out procedural history in its recently filed Motion to Strike Plaintiff's Second Amended Complaint and Plaintiff's Opposition to Connectify's Motion to Dismiss Plaintiff's First Amended Complaint, which was filed after the extended deadline of September 27, 2023, so rather than repeating it again here Connectify incorporates it by reference as if fully set forth herein. *See* Dkt. no. 28 at pp. 1-5.

Plaintiff's Opposition and improperly filed Second Amended Complaint both rely on the same alleged facts which are stated in a declaration of Levi Russell, the inventor of the '309 Patent. Opposition, Ex. 1. Putting aside any potential bias Mr. Russel may have as the inventor of the patent at issue, he is not qualified to opine on the legal standard for infringement under U.S. Patent Law. All the operative facts which Plaintiff now seeks to add for the *first time* in its Second Amended Complaint, were available to Plaintiff on Connectify's website, https://connectify.me/, when and before the original Complaint was filed over seven (7) months ago in March. Plaintiff even admits to knowing about them "prior to 2023." Opposition, Ex. 1, ¶ 8. Plaintiff deliberately chose to delay this matter and hold back those allegations until after months of motions practice. Plaintiff does not (and cannot) claim that it only recently was able to learn of such facts. Such unexplainable undue delay, when viewed in combination with the procedural history and the above-described circumstances, justify Rule 11 Sanctions against Plaintiff and its counsel of record through the conduct of this case to date.

Even if Plaintiff's Second Amended Complaint were to meet Rule 11(b) pleading standards, Plaintiff should have pled those facts, which it admits to having "prior to 2023," in its *original* pleading more than seven months ago rather than plaguing Connectify and the Court with two defective Complaints, requiring Connectify to spend time and attorneys' fees and costs on two separate motions to dismiss, two rule 11 motions, and a motion to strike. Such undue

delay and disregard for the Federal Rules and judicial resources should not be countenanced. It amounts to harassment, not litigation.

The other points raised in Bounts' Opposition, namely its conclusory assertion that Connectify's Second Rule 11 "Motion is procedurally and substantively insufficient for a patent case in this District" because "[i]t is governed by the Court's Standing Order Governing Proceedings – Patent Cases" and that issues and arguments of Connectify's Motion require proper claim construction, were all previously addressed and disputed by Connectify in its Reply in further support of its first Motion for Rule 11 Sanctions [Dkt. no. 16] and are incorporated by reference as if fully set forth herein. *See* Dkt. no. 16 at pp. 6-7.

Since Plaintiff has again refused to withdraw its baseless claims, Plaintiff should bear the costs of forcing Connectify to pursue its second Rule 11 Motion and to respond to its First Amended Complaint that suffers from the same deficiencies as the original Complaint.[2] Accordingly, not only should Plaintiff's Second Amended Complaint be dismissed for the reasons set forth in Connectify's Motion to Strike [Dkt. no. 25], but, as set forth in Connectify's opening brief in support of Rule 11 sanctions as well as herein, sanctions should be awarded to compensate Connectify for its attorneys' fees and costs incurred in connection with responding to Connectify's defective pleadings and undue delay.[3]

## Conclusion

For all these reasons and those set forth in Connectify's opening brief, Connectify respectfully requests that the Court grant its pending Motions for Rule 11 Sanctions [Dkt nos. 11

---

[2] The only differences between the original Complaint and the Amended Complaint are Plaintiff's slight revisions to paragraphs 7, 9 and 15 of the original Complaint.

[3] Plaintiff's request for attorneys' fees for responding to Connectify's Motions for Rule 11 Sanctions is not warranted and should be denied. Plaintiff slips that request in its proposed order without explanation or justification.

3

and 24] against Plaintiff and its counsel of record.

                                           Respectfully submitted,

                                           Stradley Ronon Stevens & Young, LLP

*/s/ Samantha B. Kats*
Kevin R. Casey, Esq. (Pa. Attorney No. 58083)
Patrick R. Kingsley, Esq. (Pa. Attorney No. 62915)
Samantha B. Kats, Esq. (Pa. Attorney No. 316178)
30 Valley Stream Parkway
Malvern, PA 19355
610-640-5800
Kcasey@stradley.com

*Attorneys for Connectify, Inc.*

Dated: October 10, 2023

4