IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BOUNTS TECHNOLOGIES LTD.,** | : | **Civil Action No.** |
| | : | |
| Plaintiff, | : | **2:23-cv-00890-MRP** |
| v. | : | |
| | : | |
| **CONNECTIFY, INC., and DOES 1-100** | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

**OPPOSITION OF RYAN E. BORNEMAN
TO DEFENDANT'S MOTION FOR SANCTIONS**

## I.   INTRODUCTION

Before answering the complaint, Connectify, Inc. ("***Connectify***") seeks to have this Court rely exclusively on the patent interpretation of its own in house attorney as the basis for sanctioning not only Plaintiff Bounts Technologies Ltd. ("***Bounts***") but each of its current and former attorneys.  Connectify's Motion for Sanctions Under Federal Rule of Civil Procedure 11 ("***Motion***") was brought before fact discovery, before expert discovery, before the engagement of expert witnesses, and before a claims construction hearing.  Connectify simply asks this Court to rely on its own employee's declaration that has not been subjected to cross examination and to ignore the sworn statement of the patent's inventor.  Even more dubious, Connectify seeks to hold former counsel Ryan E. Borneman ("***Borneman***") personally liable when the docket reflects that his role was limited to the initial Complaint and *pro hac vice* application.

Connectify's Motion should be denied for three reasons:

*First*, the Motion is improper at this early stage in the proceedings and should be denied because a proper pre-filing investigation was conducted by the inventor, one skilled in the art of the patent;

*Second*, as it relates specifically to Borneman, there is no basis to sanction Borneman for the initial Complaint filing because he did not rely exclusively on Bounts and its lead counsel, but personally investigated the claims before signing the Complaint; and

*Third*, there is no basis to sanction Borneman for continuing litigation because Borneman did not receive a written or oral explanation of Connectify's lawyer's assertions concerning its products and did not continue to prosecute this civil action as Bounts worked to identify substitute local counsel.

## II.  RELEVANT FACTUAL BACKGROUND

In early February 2023, Borneman received a call from Todd Zenger ("**Zenger**") of Duren IP, PC ("**Duren**") (collectively, "**Lead Counsel**") requesting assistance as local counsel for Bounts in an action against Connectify. *See* Declaration of Ryan E. Borneman ("**Borneman Declaration**") at ¶ 4.  As part of Borneman's investigation into the claims in the weeks before filing the Complaint, Borneman personally (1) read the patent at issue in this civil action; (2) reviewed the website of Connectify concerning their services; and (3) spoke with Lead Counsel concerning the claims, including the role of the patent's inventor, Levi Russell, in Bounts. *See* Borneman Declaration at ¶ 5.

On February 16, 2023, Levi Russell, a director of Bounts and inventor of the patent, signed an engagement letter with Duane Morris, LLP. *Id*. at ¶ 6.  As the inventor of the patent, Mr. Russell investigated the technology of Connectify and compared it to the patent Bounts holds for his invention.  *See* Declaration of Levi Russell ("**Russell Declaration**"), ECF No. 30-1

2

at ¶ 8. Russell personally downloaded Connectify's products, analyzed the codes, and observed its functionality. *Id*.

On March 8, 2023, Bounts commenced this action. *See* Borneman Declaration at ¶ 7. On March 9, 2023, Borneman moved for the *pro hac vice* admission of Lead Counsel. *Id*. at ¶ 8.

As the docket reflects, this was **the last** of the pleadings Borneman signed in this civil action. *Id*. at ¶ 9.

Sometime between that day, March 9, 2023 and the following week, ending March 15, 2023, Borneman informed Lead Counsel that Duane Morris needed to withdraw as Bounts' local counsel in this action. *Id*. at ¶ 10. The decision to withdraw was made before the March 17, 2023 conversation between Mr. Zenger and counsel for Connectify. *Id*. at ¶ 20. The decision to withdraw has nothing to do with the Motion. *Id*. at ¶ 10, 20.

On March 15, 2023, Borneman reiterated to Lead Counsel via email that Duane Morris could not act as local counsel and provided three recommendations for substitute local counsel. *Id*. at ¶ 11.

Two days later, on March 17, 2023, Mr. Zenger and counsel for Connectify apparently had a conversation concerning the claims in this action. *See* Declaration of Kamran Emdadi Esq, ("***Emdadi Declaration***") attached to the Motion at ECF No. 24-2 at ¶ 6. Borneman did not participate in that conversation. *See* Emdadi Declaration at ¶ 6; Borneman Declaration at ¶ 12-13. Further, Borneman did ***not*** receive a copy of the Confidential Analysis shared on March 17, 2023. *See* Borneman Declaration at ¶ 14.

Over repeated follow-up emails to Mr. Zenger, Borneman continued to reiterate that Bounts needed to retain substitute local counsel. *Id*. at ¶ 15. Despite the initial March 2023 conversation and these follow up emails, substitute local counsel was not retained until

3

September 22, 2023. *Id*. at ¶ 15-16. Borneman withdrew the same day substitute counsel entered an appearance. *Id*. at ¶ 16.

During the transition of local counsel, Borneman was not sent several pleadings before filing. *Id*. at ¶ 18. This may be the result of the fact that Bounts was keenly aware that Duane Morris could no longer represent Bounts. *Id*. at ¶ 18. Specifically, Borneman did not see until after filing the Opposition to the Motion to Dismiss (ECF No. 13); Opposition to the Motion for Sanctions (ECF No. 14); and the Amended Complaint (ECF No. 15). *Id*.

After Borneman withdrew, the Second Amended Complaint was filed. *Id*. at ¶ 19.

### III. ARGUMENT

#### A. Connectify's Motion Is Improper at This Stage of Proceedings.

For the reasons stated in Bount's Opposition to the Motion, the Motion is improper at this early stage in the proceedings and because a proper pre-filing investigation was conducted by the inventor, one skilled in the art of the patent. *See generally* Bounts Opposition, ECF No. 30.

As Bounts' Opposition details, Russell – the patent inventor and director of Bounts – conducted a pre-litigation investigation. *Id*. at 2-6. In reply to this detailed investigation, Connectify simply says the patent inventor has a "potential bias" and, without citation to fact or law, concludes that Russell "is not qualified to opine on the legal standard for infringement under U.S. Patent Law." Reply, ECF No. 31 at 2. Connectify's short change of the patent inventor's declaration while ignoring the bias and qualification issues of its own alleged "evidence", a declaration of its in house attorney, only underscores the point that the Motion is premature until all facts and expert analysis can be developed before a claim construction hearing.

Accordingly, the Motion should be denied as to Bounts and each of its current and former attorneys.

B.     **Borneman's Pre-filing Investigation Was Proper.**

Further, as it relates specifically to the allegations against Borneman, the Motion further fails because the pre-filing investigation conducted by Borneman conformed with Rule 11.

Under Rule 11, an attorney must make a reasonable inquiry into the factual and legal legitimacy of the pleading. *Vehicle Operation Techs. LLC v. Am. Honda Motor Co. Inc.*, 67 F. Supp. 3d 637, 649 (D. Del. 2014). In the Third Circuit, an attorney has complied with Rule 11 if his or her conduct was "objectively reasonable under the circumstances," which has been seen as a duty to "stop, look, and listen" in litigation. *Id.* Further, attorney conduct must be judged based on what was reasonable ***at the time of filing***. *Id.* Because the Court must judge based on the time of filing, it is "paramount" that the Court refrain from "hindsight bias." *Id.* Finally, the reasonable inquiry is sufficient if it provides the attorney with an "objective knowledge or belief" at the time of filing that the claim was "well-grounded in law and fact." *Loving v. Pirelli Cable Corp.*, 11 F. Supp. 2d 480, 493 (D. Del. 1998), *aff'd*, 178 F.3d 1279 (3d Cir. 1999).

Here, Borneman personally undertook a reasonable inquiry before signing the Complaint. Borneman personally read the patent at issue, reviewed the website of Connectify concerning their products and services, and spoke with Lead Counsel, a patent attorney, concerning the claims, including the role of Levi Russell, the patent's inventor, in Bounts. *See* Borneman Declaration at ¶ 5. As described above, before Borneman's pre-litigation investigation, Russell had conducted his pre-litigation investigation. Through this process, Borneman obtained an objective belief that the Complaint was well grounded in law and fact.

In deciding whether sanctions are appropriate to Borneman for his limited role of signing the initial complaint, the Court should not exercise hindsight bias and should ignore all events that occurred after the filing of the Complaint, including the March 17 meeting between

Connectify and Bounts counsel and the written analysis shared for that meeting. *Vehicle Operation Techs*, 67 F. Supp. 3d at 649.

Accordingly, there is no basis to sanction Borneman for signing the initial Complaint.

### C.   Borneman Did Not Continue to Advocate an Allegedly Untenable Position.

Additionally, there is no basis to sanction Borneman for any conduct after the initial Complaint.

Under Rule 11, an attorney has a "continuing duty" after commencing representation, to ensure that every paper that attorney files with the Court is grounded on reasonable belief after proper investigation that the claims within are well-grounded. *Ellis v. Beemiller, Inc.,* 287 F.R.D. 326, 347 (W.D. Pa. 2012). Rule 11 "applies only to assertions contained in papers filed with or submitted to the court." 1993 Advisory Committee Notes to Fed. R. Civ. P. 11. An attorney can be sanctioned if they continue to file papers with the Court that insist upon a position after it is "no longer tenable.'" *Balthazar v. Atl. City Med. Ctr.*, 137 Fed. Appx. 482, 490 (3d Cir. 2005). This "continuing duty" to meet Rule 11 requirements when continuing litigation should not be used as a workaround to negate the Court's duty to judge attorney conduct based on what was reasonable *at the time of filing* or as a way to sanction attorneys for filings they did not sign. *Vehicle Operation Techs*, 67 F. Supp. 3d at 649.

Here, the record is clear that Borneman did not continue to advocate after signing the initial complaint. *See* Borneman Declaration at ¶ 9. That cessation in advocacy had nothing to do with the Motion. *Id*. at ¶ 10, 20. Borneman was not invited by counsel for Connectify to participate in the March 17 meeting or receive a copy of its analysis at that time. *Id*. at ¶ 12-14. In fact, Borneman had already notified Bounts that he was withdrawing and assisted Bounts in finding substitute local counsel. *Id*. at ¶ 10-11.

Accordingly, even if the continuing litigation were untenable after March 17 (which Borneman maintains it was not), Borneman should not be sanctioned because he did not sign any pleadings after that date and actively worked to assist Bounts in locating substitute local counsel.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion should be denied.

Dated: October 13, 2023

/s/ *Ryan E. Borneman*
Ryan E. Borneman
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103-4196
Tel.: 215-979-1105
Email: reborneman@duanemorris.com

## CERTIFICATE OF SERVICE

I, Ryan E. Borneman, Esq., hereby certify that on October 13, 2023, the foregoing was filed electronically and is available for viewing and downloading from the Court's Electronic Case Filing System by counsel of record below.

Kevin R. Casey
Stradley Ronon Stevens & Young, LLP
30 Valley Stream Parkway
Malvern, PA 19355-1481
tel.: 610.640.5813
email: kcasey@stradley.com

Samantha B. Kats
Stradley Ronon Stevens & Young, LLP
30 Valley Stream Parkway
Malvern, PA 19355-1481
tel.: 610.651.2273
email: skats@stradley.com

Todd E. Zenger
DUREN IP PC
610 E. South Temple Street,
Suite 300
Salt Lake City, UT 84102
801-869-8535
Email: tzenger@durenip.com

Mark E. Seiberling (No. 91256)
Kleinbard LLC
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
Tel.: 215-568-2000
Email: mseiberling@kleinbard.com

/s/ Ryan E. Borneman
Ryan E. Borneman, Esq.