IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOUNTS TECHNOLOGIES LTD., | : Civil Action No. |
| Plaintiff, | : 2:23-cv-00890-MRP |
| v. | : |
| CONNECTIFY, INC., and DOES 1-100 | : |
| Defendants. | : |

## DECLARATION OF RYAN E. BORNEMAN

I, Ryan E. Borneman ("*Borneman*"), do declare and state as follows

1. I am the former local counsel of Plaintiff Bounts Technologies Ltd. ("*Bounts*").

2. I have personal knowledge of the facts stated in this Declaration.

3. I submit this Declaration in support of my opposition to Connectify, Inc.'s Motion for Rule 11 Sanctions ("*Motion*").

4. On February 7, 2023, I received a call from Todd Zenger ("*Zenger*") of Duren IP, PC ("*Duren*") (collectively, "*Lead Counsel*") requesting assistance as local counsel for Bounts in an action against Connectify.

5. As part of my investigation into the claims and review of the draft Complaint, I personally (1) read the patent at issue in this civil action; (2) reviewed the website of Connectify concerning their services; and (3) spoke with Lead Counsel concerning the claims, including the role of the patent's inventor in Bounts.

6. On February 16, 2023, Levi Russell, a director of Bounts and inventor of the patent, signed an engagement letter with Duane Morris.

7. On March 8, 2023, Bounts commenced this action.

8. On March 9, 2023, I moved for the *pro hac vice* admission of Lead Counsel.

9. As reflected on the docket, this was **the last** of the pleadings I signed in this civil action.

10. For reasons not relevant to the opposition, I informed Mr. Zenger that Duane Morris could no longer act as Bounts' local counsel in this action sometime between March 9, 2023 and March 15, 2023.

11. On March 15, 2023, I followed up with an e-mail to Mr. Zenger providing him with three recommendations for substitute local counsel.

12. Unknown to me, counsel for Connectify and Mr. Zenger apparently had a conversation on March 17, 2023 concerning the claims in the Complaint. *See* Declaration of Kamran Emdadi attached to the Motion.

13. I did not participate in that March 17, 2023 conversation.

14. I did not receive a copy of the Confidential Analysis shared with Mr. Zenger on March 17, 2023.

15. Despite several follow up e-mails from me to Mr. Zenger, Bounts did not retain substitute local counsel until September 22, 2023.

16. On September 22, 2023, I withdrew as local counsel when Bounts' substitute local counsel entered an appearance.

17. Later that day, Connectify Inc. filed its Motion against Bounts, lead counsel, new local counsel and me.

18. I was not sent the Opposition to the Motion to Dismiss (ECF No. 13); Opposition to the Motion for Sanctions (ECF No. 14); and the Amended Complaint (ECF No. 15) prior to

the filing of those pleadings. I attribute this to the fact that Bounts was aware that I previously notified Mr. Zenger that Duane Morris could no longer represent Bounts.

19. The Second Amended Complaint was filed after I withdrew.

20. Contrary to the implications of Connectify (ECF No. 28 fn 4), my decision to withdraw had *nothing* to do with the Motion. The decision to withdraw was made *before* Connectify had even spoken to Lead Counsel on March 17, 2023.

21. I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: October 13, 2023

_____
Ryan E. Borneman