IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOUNTS TECHNOLOGIES LTD., | : |
| Plaintiff, | : CASE NO. 2:23-cv-890 |
| v. | : Judge Mia Roberts Perez |
| CONNECTIFY, INC. AND DOES 1-100, | : |
| Defendants. | : |

**REPLY BRIEF OF DEFENDANT, CONNECTIFY, INC., TO RYAN E. BORNEMAN'S OPPOSITION TO ITS MOTION FOR RULE 11 SANCTIONS**

Defendant, Connectify, Inc. ("Connectify"), submits this Reply Brief to respond briefly to the arguments advanced by Plaintiff's former counsel, Ryan E. Borneman ("Borneman"), in opposition ("Borneman Opposition") [Dkt. no. 33] to Connectify's Second Motion for Sanctions against Plaintiff, Bounts Technologies Ltd. ("Plaintiff"), and its counsel of record pursuant to Rule 11 of the Federal Rules of Civil Procedure (the "Second Rule 11 Motion") [Dkt. no. 24]. Mr. Borneman raises many of the same points in his Opposition that Plaintiff raised in its separate Opposition [Dkt. no. 30]. The short answer is the same to both Oppositions: Plaintiff and its counsel have required Connectify and this Court to expend unnecessary resources, for over half a year, addressing inadequate and false allegations. *See* Dkt no. 31.

Borneman makes three arguments in his Opposition. Dkt. no. 33 at p. 2. First, Borneman states that "a proper pre-filing investigation was conducted by the inventor." *See also id*. at p. 4. That statement is irrelevant with respect to Borneman's Opposition because there was no need for him to rely on any information from the inventor, his client, Russell Levi. "The court . . . should test <u>the signer's conduct</u> by inquiring what <u>was reasonable</u> to believe at the time the

pleading . . . was submitted." *In re Kouterick*, 167 B.R. 353, 363 (Bankr. D.N.J. 1994) (quoting *Eavenson, Auchmuty & Greenwald v. Holtzman*, 775 F.2d 535, 540 (3d Cir.1985)) (emphasis added). Among the factors to be considered in determining whether Borneman's pre-filing investigation (let alone continued involvement) in this case was reasonable are:

> (1) the amount of time available to the signer for conducting the factual and legal investigation (there was no deadline or rush to file the original Complaint and, in fact, it was not served for months after it was filed);
>
> (2) the necessity for reliance on a client for the underlying factual information (there was no need to rely on the inventor's information because all Russell Levi did was read his patent and conduct internet research on Connectify's website, which Borneman states he repeated); and
>
> (3) the plausibility of the legal position advocated.

*See Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 95 (3d Cir.1988) (citing Fed. R. Civ. P. 11 advisory committee note; *Thomas v. Capital Security Servs., Inc.*, 836 F.2d 866, 875 (5th Cir.1988)).

With respect to the last factor, and regardless of the ultimate merits of this case,[1] the fact remains that the originally filed Complaint, which Borneman signed, did not meet federal pleading requirements – it was not a "plausible" pleading. *See* Connectify's Motion to Dismiss [Dkt. no. 10]. Bounts and its counsel obviously agreed, for their response to Connectify's Motion to Dissmiss was to file an Amended Complaint on August 21, 2023, with Borneman's

---

[1] Borneman objects to sanctions on the ground that Connectify's motion is premature and requires the Court to rely on Connectify's declarations and "to ignore the sworn statement of the patent's inventor." Dkt. no. 33 at p. 1. Not true. This Court can itself read the asserted patent and its prosecution history (available at www.uspto.gov) and review Connectify's website, as both parties have done, and draw its own conclusions about the merits of the case.

2

name in the signature block [Dkt. no. 15].  That Amended Complaint also failed to meet federal pleading requirements.  In fact, Plaintiff failed to file a Complaint that meets the federal pleading requirements <u>at any time</u> before Borneman withdrew as counsel.

Borneman's second argument is that he "personally investigated the claims before signing the Complaint."  Dkt. no. 33 at p. 2.  Specifically, Borneman states that he read the patent at issue, reviewed Connectify's website, and spoke with lead counsel.  *Id.*  Nowhere does he allege that he reviewed the prosecution history for the patent.  "Local counsel should not only be reading documents that they sign as per Rule 11, but be familiar enough with the relevant law to satisfy the requirements of Rule 11."  *Vehicle Operation Techs. LLC v. Am. Honda Motor Co. Inc.*, 67 F. Supp. 3d 637, 655 (D. Del. 2014) (noting that "any reasonable presuit investigation should have included a review of the prosecution history" and concluding "that a reasonable objective pre-suit investigation would have indicated that the present action is without any merit and violates Rule 11(b)(2)").  Nowhere does Borneman allege that he reached plausible conclusions that the asserted patent is valid or that Connectify infringes claims of that patent – as asserted in both the original Complaint and the Amended Complaint.

Perhaps more important, if Borneman did, in fact, personally investigate the claims before signing the Complaint, his investigation was grossly insufficient.  *See* Dkt. no. 11 at p. 2. Rule 11(b)(3) requires that the factual contentions of a complaint must have evidentiary support. Paragraph 9 of Plaintiff's original Complaint, which Borneman *signed*, states: "Bounts sells and offers for sale devices and methods for operating a wireless access point for providing access to a network throughout the United States, including in the state of Pennsylvania."  Compl. [Dkt. no. 1] at ¶ 9.  But Borneman's allegation was false.  Connectify challenged this averment in its first Motion for Rule 11 Sanctions [Dkt. no. 11] because, on information and belief after a cursory

search on the internet (which Borneman could and should have done before signing the original Complaint), Bounts does not sell *any* products. Dkt. no. 11 at p. 2. Not surprisingly, Plaintiff then amended paragraph 9 of its First Amended Complaint [Dkt. no. 15] to state that "[Plaintiff] currently sells and offers for sale patent <u>licenses</u>" instead of its representation in the original Complaint [Dkt. no. 1] that Plaintiff "sells and offers for sale <u>devices and methods for operating a wireless access point</u>" which was false.[2] (Emphasis added.) This distinction is important, for Plaintiff is now known to be a non-manufacturing entity (pejoratively called a "patent troll" in the literature) with a limited recourse to claim damages in this case (i.e., Plaintiff cannot allege lost sales of products).

As his third argument, Borneman states "there is no basis to sanction Borneman for continuing litigation because Borneman did not receive a written or oral explanation of Connectify's lawyer's assertions . . . ." Dkt. no. 33 at 2. What Borneman's Opposition conveniently fails to mention is that Borneman was served with Connectify's counsel's first Rule 11 letter on July 12, 2023; Connectify's second Rule 11 letter on August 22, 2023, which put him on notice of Connectify's intent to file its Rule 11 motions and the basis for each motion more than twenty-one (21) days prior to its filing; and Connectify's first Motion for Rule 11 Sanctions filed on August 3, 2023 [Dkt. no. 11]. It is undisputable that his signature block is included in *every* one of Plaintiff's filings and that he continued to receive service of *every* one of Connectify's filings in this matter until he withdrew his appearance <u>six months</u> into the case on September 22, 2023.[3] While Borneman claims he "needed to withdraw as Bounts' local

---

[2] As an aside, Connectify is skeptical that Bounts has actually "sold" any patent licenses to date.

[3] Borneman is quick to point out, however, that he "did not see until after filing" the Opposition to Connectify's first Motion for Rule 11 Sanctions and the Amended Complaint. Borneman Opposition at p. 4. Connectify fails to see the relevance of that information and, regardless of when he saw that Opposition, he remained in the case long afterward.

4

counsel in this action" within one week of the original Complaint being filed on March 8, 2023, it took Borneman *over six months* to withdraw his appearance. *See* Dkt. no. 22.[4]

Connectify's Rule 11 letters and pending Motions for Rule 11 Sanctions [Dkt nos. 11 and 24] refer to its March 17, 2023 Analysis and explain why the accused Connectify Hotspot product and related methods cannot infringe the claims of the asserted patent. While Borneman does not dispute that he was served with Connectify's first Rule 11 letter on July 12, 2023, which made reference to Connectify's March 17, 2023 Analysis, he stresses that he did not receive a copy of the Analysis, although he was on notice of it since at least July 12, 2023, and made no attempt to request a copy of it from Connectify's counsel and apparently did not bother to obtain a copy from his own co-counsel either. Borneman failed to "stop, look, and listen once a Rule 11 motion was filed" and did not take any action to correct or withdraw Plaintiff's baseless claims while he was counsel of record. *Vehicle Operation*, 67 F. Supp. 3d at 652 (concluding that dismissal with prejudice is warranted because "[w]hile patent law is certainly complicated, prosecution history disclaimer is a bedrock of the patent world . . . there was a single document, which was identified by the Defendants, which clearly showed, in combination with the publicly available vehicle owner's manuals, that the Defendants' products did not infringe").

Borneman was counsel of record in this matter for over six months "without regard to the prosecution disclaimer that made this suit objectively baseless, or for that matter Rule 11's basic requirement for an adequate pre-suit investigation" despite numerous warnings by Connectify and its counsel. *Id.* at 653. Significantly, all the operative facts which Plaintiff now seeks to add for the *first time* in its Second Amended Complaint, were available to Plaintiff on Connectify's

---

[4] Therefore, Borneman's statement that "the record is clear that Borneman did not continue to advocate after signing the initial complaint" [Dkt. no. 33 at p. 6], is simply not true.

website, https://connectify.me/, when and before the original Complaint was filed over seven (7) months ago in March. Plaintiff even admits to knowing about them "prior to 2023." Dkt. no. 30, Ex. 1, ¶ 8. Plaintiff and its counsel deliberately chose to delay this matter and hold back those allegations until after months of motions practice. Neither Plaintiff nor Borneman claim (nor can they) that they only recently were able to learn of such facts. Such unexplainable undue delay, when viewed in combination with the procedural history and the above-described circumstances, justify Rule 11 Sanctions against Plaintiff and its counsel of record through the conduct of this case to date.

Accordingly, not only should Plaintiff's Second Amended Complaint be dismissed for the reasons set forth in Connectify's Motion to Strike [Dkt. no. 25], but, as set forth in Connectify's opening brief in support of Rule 11 sanctions as well as in this document, sanctions should be awarded to compensate Connectify for its attorneys' fees and costs incurred in connection with responding to Connectify's defective pleadings and undue delay.

### Conclusion

For all these reasons and those set forth in Connectify's opening brief, Connectify respectfully requests that the Court grant its pending Motions for Rule 11 Sanctions [Dkt nos. 11 and 24] against Plaintiff and its former and present counsel of record.

Respectfully submitted,

Stradley Ronon Stevens & Young, LLP

*/s/ Samantha B. Kats*
Kevin R. Casey, Esq. (Pa. Attorney No. 58083)
Patrick R. Kingsley, Esq. (Pa. Attorney No. 62915)
Samantha B. Kats, Esq. (Pa. Attorney No. 316178)
30 Valley Stream Parkway
Malvern, PA 19355
610-640-5800
Kcasey@stradley.com

Dated: October 17, 2023         *Attorneys for Connectify, Inc.*