IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BOUNTS TECHNOLOGIES LTD.,** | CIVIL ACTION NO. |
| Plaintiff, | 2:23-cv-00890-MRP |
| v. | |
| **CONNECTIFY, INC., and DOES 1-100** | |
| Defendants. | |

**MEMORANDUM OF PLAINTIFF IN OPPOSITION
TO DEFENDANT'S MOTION TO STRIKE
PLAINTIFF'S SECOND AMENDED COMPLAINT
AND
IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS THE FIRST AMENDED COMPLAINT**

Plaintiff, Bounts Technologies Ltd., submits this memorandum in opposition to Defendant's motion for strike (Docket No. ECF 28) and memorandum in support (Docket No. ECF 28-1) (collectively "Motion" herein).

### INTRODUCTION

Complaint Filings

A technical expert for Plaintiff conducted a timely pre-filing investigation as to infringement.

Plaintiff was under no obligation to contact Defendant prior to filing a complaint.

After conducting a pre-filing investigation, Plaintiff filed this action. In light of the pre-filing investigation, Plaintiff's original, first amended and second amended Complaints each provide sufficient allegations of infringement to present plausible patent infringement claims.

1

Plaintiff has conceded no failures or inadequacies of its filings.  Plaintiff is not prohibited from filing amended pleadings to bolster Plaintiff's pleading; Plaintiff has chosen to bolster its allegations to avoid further, unnecessary motions to dismiss.

Plaintiff timely filed the original Complaint.  The court enlarged the service period and Plaintiff served within the allowed time period.

Plaintiff timely filed the first amended Complaint within the time allowed by Rule 15.

Plaintiff timely filed the second amended Complaint withing the time allowed by Rule 15 as consented by Defendant.  Defendant consented to allow Plaintiff until September 29, 2023 as to all filings associated with Defendant's second motion to dismiss ECF 18.  This would include a Rule 15 amended complaint.  Plaintiff timely filed the second amended Complaint on September 27, 2023.

Response Filing of ECF 27

The undersigned inadvertently docketed its response ECF 27 for central time filing instead of eastern time.  Response ECF 27 was filed just fifty-two minutes after September 27, 2023 eastern time.

The undersigned asked Defendant to excuse this non-prejudicial human error.  Defendant has refused.  A motion to rectify this inadvertent, harmless docketing error is also pending.

For at least these reasons Defendant's motion ECF 28 should be denied.

I.      Relevant Factual Background

1. A proper Rule 11 pre-filing investigation was conducted by Plaintiff

Consistent with Rule 11, a pre-filing investigation, review and analysis of Defendant's Hotspot Product was conducted by one skilled in the art.[1] That investigation reviewed Defendant's own publications and product related to its Hotspot Product and permitted one skilled in the art to identify software code, processes, routing tables, networks, steps and functionality of Defendant's Hotspot Product which meet each and every element of claim 1 of the asserted '309 Patent.

Inventor Levi Russell is skilled in the art. He downloaded, used and analyzed the accused Hotspot Product. He was able to identify software code, processes, routing tables, networks, steps and functionality of Defendant's Hotspot Product that would be understood by one skilled in the art. For example, he was able to run, observe and analyze the operation, steps, code, code-induced functionality and results achieved by the methods employed by Defendant's Hotspot Products and as explained by Defendant's own published descriptions of the Hotspot Products. His inspection of the Hotspot Product revealed that Defendant's Hotspot Product embodies all the claim elements of claim 1 of the '309 Patent. The particulars of that inspection are set forth in Plaintiff's filing ECF 30 and 30-1, incorporated herein by express reference, if needed.

2. Plaintiff properly filed the original Complaint ECF 1 on March 8, 2023

Plaintiff was under no obligation to contact Defendant before filing. Doing so can result in positing declaratory judgment jurisdiction in an intended defendant.[2] Plaintiff chose to file suit

---

[1] Ex. 1 – Declaration of Levi Russell, also previously filed ECF 30-1.
[2] 28 U.S.C. § 2201(a)

without making a pre-filing assertion of infringement so as to preserve its position as plaintiff rather than possible be a declaratory judgment defendant.

3. Plaintiff properly filed the first amended Complaint ECF 15 on August 21, 2023

Following the filing and service of the original Complaint ECF 1, Defendant was required under Rule 12 to respond to the original complaint within 21 days, that is, by August 4, 2023.  Defendant did not file a responsive pleading to Complaint ECF 1 by August 4, 2023. Instead, Defendant chose to file a Rule 12(b) motion to dismiss (ECF 10) on August 3, 2023. Pursuant to Rule 15 (a)(1)(B), and with no responsive pleading being filed by Defendant, Plaintiff had 21 days after the filing of Defendant's Rule 12(b) motion to amend the Complaint, up to and including August 24, 2023.  Plaintiff timely filed the first amended Complaint ECF 15 on August 21, 2023.

4. Plaintiff properly filed the second amended Complaint ECF 26 on August 27, 2023

Following the filing of the first amended Complaint ECF 15 on August 21, 2023, Defendant was required under Rule 15 (a)(1)(3) to respond to the first amended Complaint within 14 days, that is, by September 4, 2023.  Defendant did not file a responsive pleading to Complaint ECF 15 by September 4, 2023.  Instead, Defendant chose to file another Rule 12(b) motion to dismiss (ECF 18) on September 1, 2023.  Pursuant to Rule 15 (a)(1)(B), and with no responsive pleading being filed by Defendant, Plaintiff had 21 days after the filing of Defendant's second Rule 12(b) motion ECF 18 to amend the Complaint, up to and including September 22, 2023.

Due to a death in the undersigned's family, on September 11, 2023 Plaintiff sought a one-week extension of time "for all current filing obligations and other filings permitted under the Rules in this case."[3]  Counsel for Defendant granted the extension the same day and added: "Feel free to inform the Court of the extension."[4]

In subsequent correspondence it was confirmed that this applied to the Defendant's Rule 12(b) motion to dismiss filed September 1, 2023 (ECF 18).  The undersigned specified on September 12, 2023: "As a result, I understand I have a one-week extension related to all filings associated … with Connectify's second motion to dismiss filed September 1, 2023."[5]  On September 13, 2023, counsel for Defendant "Confirmed" the one-week extension related to all filings associated with Connectify's second motion to dismiss filed September 1, 2023.[6]

Defendant's consent granted Plaintiff seven (7) more days for all filings associated with ECF 18.  This extended the period of time to file an associated amendment under Rule 15(a)(1)(B) from September 22, 2023 to September 29, 2023.  Plaintiff's second amended Complaint ECF 26 was timely filed on September 27, 2023, within the time consented to by Defendant.

Defendant's consent of the extension of time put Plaintiff at ease that there would be no contest as to all filings in this case under the Rules, including a Rule 15 amended complaint, on or before September 29, 2023.[7]

---

[3] Ex. 2, correspondence between counsel regarding extension for all filings.
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] This opposition is filed with a companion motion to enlarge the period of time for the filing of the second amended Complaint ECF 26 based upon Defendant's consent.

      5. Counsel for Plaintiff inadvertently docketed the response to ECF 18 based on central time.

Counsel for Defendant had granted Plaintiff two extension of time until September 27, 2023 to response to Defendant's second Rule 12(b) ECF 18. The undersigned inadvertently docketed the response to ECF 18 based on central time and acknowledges this human error. Plaintiff's response ECF 27 was filed fifty-two (52) minutes after September 27, 2023 eastern time.

The undersigned was not conscious of this error until service of the present motion on October 3, 2023. Plaintiff requested Defendant to consent to the less than one-hour tardy filing of ECF 27; Defendant has refused.[8]

    II.    Argument Points and Authorities

      1. The Complaints were properly and timely filed under the Rules

The Plaintiff filed and served the original Complaint (ECF 1) in compliance with the Rules of Federal Civil Procedure.

The Plaintiff filed the first amended Complaint (ECF 15) in compliance with the Rules of Federal Civil Procedure 12 and 15.

With the consent of Defendant, the Plaintiff filed the second amended Complaint (ECF 26) in compliance with the Rules of Federal Civil Procedure 12 and 15.

Because all complaints were properly and timely filed, including ECF 26, Defendant's Motion to strike Plaintiff's second amended Complaint should be denied.

---

[8] Ex. 3, Plaintiff's request for a further one-hour extension.

2. The filing of response ECF 27 is harmless.

The filing of response ECF 27 within one hour of September 27, 2023 eastern time, unknown at the time, was unintentionally late; it was the result of a human docketing error. The resulting timing of the filing has resulted in no unfair prejudice. Defendant has cited none. Defendant's opportunity to reply has not been unfairly prejudiced. Under the circumstances, the timing of the filing is excusable as harmless error.

Further, under the circumstances it is not unreasonable to accept Plaintiff's response ECF 27. Defendant's Motion repeatedly presents and relies upon matters outside the pleadings, including, for example:

(1) facts related to a purported infringement analysis by Connectify of the claims of the Patent-in-Suit:

"In fact, immediately after learning of the lawsuit, Connectify analyzed the claims of the Patent-in-Suit, determined that its products and methods did not infringe, and explained its analysis and determination to counsel for Bounts."[9]

These factual arguments are outside the pleadings and are derived from declarations of counsel (ECF 24-2 and ECF 24-3);

(2) facts related to Connectify state of mind:

"… in fact, Connectify was completely unaware of either the Patent-in-Suit or Bounts' allegations of infringement before the lawsuit was filed."[10]

---

[9] Motion to Dismiss (ECF 18), page 15, see also page 7: "Immediately after learning of the lawsuit, Connectify analyzed the claims of the Patent-in-Suit, determined that its products and methods did not infringe, and explained its analysis and determination to counsel for Bounts."
[10] Motion to Dismiss (ECF 18), pages 7 and 12.

These factual arguments are also outside the pleadings and are also derived from declarations of counsel (ECF 24-2 and ECF 24-3);

(3) one paper prepared by a patent examiner in an office action related to the '309 patent dated 01/27/2015 (ECF 18-5);[11] and

(4) one paper filed by the applicant in response to the 01/27/2015 office action (ECF 18-6).[12]

Further, such reliance by Defendant is directed to the question of infringement, a clear question of fact.[13]

Under these circumstances, "the [M]otion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."[14]  The Motion can be converted to one for summary judgment and the Court may grant the parties additional time and briefs.[15]  It is not unreasonable to give Plaintiff an additional fifty-two-minute opportunity for the filing of response ECF 27.

For these reasons, Defendant's Motion to strike (ECF 28) should be denied.

---

[11] Defendant's citation to *Uniloc USA, Inc. v. ADP, LLC,* 772 F. App'x 890, 893 n.3 (Fed. Cir. 2019) is inapplicable.  The ruling states:  "This disposition is not precedential."  Further the issue before the *Uniloc* court turned upon patent eligibility which is an issue of law and analyzed on review *de novo*.  Unlike *Uniloc,* in this instance "[i]nfringement is a question of fact." *E.g., Charles Mach. Works, Inc. v. Vermeer Mfg. Co.*, 2012-1578, slip op., page 3 (Fed. Cir. Jul 26, 2013) (citing *Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308, 1312 (Fed. Cir. 2009)).
[12] *Id.*
[13] *E.g., Charles Mach. Works, Inc. v. Vermeer Mfg. Co.*, 2012-1578, slip op., page 3 (Fed. Cir. Jul 26, 2013) ("Infringement is a question of fact.") (citing *Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308, 1312 (Fed. Cir. 2009)).
[14] Fed. R. Civ. Proc. 12(d).
[15] *Id.*

## CONCLUSION

Second Amended Complaint (ECF 27) was, with the consent of Defendant, timely filed.

The filing of opposition (ECF 28) was inadvertently delayed but served within one hour of the otherwise allotted time. The unintentional delay was unintentional and harmless; there has been no prejudice to Defendant.

Defendant's Motion to strike (ECF 28 ) should be denied.

Dated this 17th day of October 2023.

/s/  *Todd E. Zenger*

Todd E. Zenger
DUREN IP PC
610 E. South Temple Street,
Suite 300
Salt Lake City, UT 84102
801-869-8535
Email: tzenger@durenip.com

Mark E. Seiberling (No. 91256)
Kleinbard LLC
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
Tel.: 215-568-2000
Email: mseiberling@kleinbard.com

CERTIFICATE OF SERVICE

I certify that the forgoing paper:

**<u>MEMORANDUM OF PLAINTIFF IN OPPOSITION<br>
TO DEFENDANT'S MOTION TO STRIKE<br>
PLAINTIFF'S SECOND AMENDED COMPLAINT<br>
AND<br>
IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE<br>
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION<br>
TO DISMISS THE FIRST AMENDED COMPLAINT</u>**

was duly filed using the court's electronic filing system on October 17, 2023 causing service on the following counsel, and/or that the forgoing was served on the following counsel by email:

Kevin R. Casey<br>
Patrick R. Kingsley<br>
Samantha B. Kats<br>
Stradley Ronon Stevens & Young, LLP<br>
30 Valley Stream Parkway<br>
Malvern, PA 19355-1481<br>
tel.:     610.640.5813

*/s/ Todd E. Zenger*