# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOUNTS TECHNOLOGIES LTD., | : |
| Plaintiff, | :      CASE NO. 2:23-cv-890 |
| v. | :      Judge Mia Roberts Perez |
| CONNECTIFY, INC. AND DOES 1-100, | : |
| Defendants. | : |

---

## REPLY BRIEF OF DEFENDANT, CONNECTIFY, INC., TO PLAINTIFF'S OPPOSITION TO ITS MOTION TO STRIKE

Defendant, Connectify, Inc. ("Connectify"), submits this Reply Brief to respond briefly to the arguments advanced by Plaintiff, Bounts Technologies Ltd. ("Bounts" or "Plaintiff"), in opposition (the "Opposition") [Dkt. no. 35] to Connectify's Motion to Strike (the "Motion to Strike") [Dkt. no. 28].

In short, Plaintiff's Opposition fails to address Plaintiff's failure to abide by Rule 15(a)(2), misapprehends the law, and distorts the relevant procedural history in a futile effort to distract from the fact that it violated the Court's September 26, 2023, Order [Dkt. no. 25] and violated Rule 15(a)(2) of the Federal Rules of Civil Procedure. First, Plaintiff's contention that it "timely filed the second amended Complaint" is irrelevant as Plaintiff had no right to file a *second* amended complaint without leave of court or Connectify's consent, neither of which it made any effort to obtain. Plaintiff improperly fails to distinguish a request for extension of time from consent for an amended pleading.[1] Second, Plaintiff implicitly acknowledges that its

---

[1] An agreement to extend a response deadline to a pending motion is *not* consent to an amended pleading that is not otherwise permitted by the Rules absent leave of court or a party's consent. It is undisputed that Plaintiff never even advised Connectify that it would be filing an amended

second amended Complaint was improper because it also separately filed, albeit past the response deadline, an opposition to Connectify's Motion to Dismiss the First Amended Complaint [Dkt. no. 27]. If Plaintiff believed that its second amended Complaint was proper and an appropriate response to Connectify's Motion to Dismiss, an opposition would not be necessary. Plainly that was not the case. Third, there is no basis, as Plaintiff erroneously suggests, for converting Connectify's pending Motion to Dismiss [Dkt. no. 18] to a motion for summary judgment. Connectify's Motion to Dismiss is not based upon the merits of the case but rather the Amended Complaint's failure to meet federal pleading requirements– it is not a "plausible" pleading—which warrants dismissal.[2]

Lastly, Plaintiff claims that a motion to rectify its inadvertent late filing of its Opposition to Connectify's Motion to Dismiss [Dkt. no. 27] "is pending" but no such motion has been filed or served by Plaintiff. Yet another misstatement. In any event, any request for retroactive leave to amend its Complaint or to file its Opposition to Connectify's Motion to Dismiss out of time should be denied because Plaintiff has engaged in undue delay and repeatedly failed to cure deficiencies, despite numerous warnings, which has inundated this Court with avoidable filings and forced Connectify to incur the time, expense and attorneys' fees associated with filing two

---

complaint let alone sought its or the Court's consent. *See* Fed. R. Civ. P. 15(a)(2) ("a party may amend its pleading **only** with the opposing party's written consent or the court's leave.") (emphasis added).

[2] Bounts' argument that Connectify's reference to prosecution history is outside the pleadings and therefore requires that the Motion to Dismiss be considered one for summary judgment under Rule 56 is also incorrect. *See, e.g.*, *Vehicle Operation Techs. LLC v. Am. Honda Motor Co. Inc.*, 67 F. Supp. 3d 637, 655 (D. Del. 2014) (concluding that dismissal of the complaint with prejudice was warranted as sanction under Rule 11 because, *inter alia*, "any reasonable presuit investigation should have included a review of the prosecution history" and "a reasonable objective pre-suit investigation would have indicated that the present action is without any merit and violates Rule 11(b)(2)").

motions to dismiss, two motions for Rule 11 sanctions, a Motion to Strike, and several reply briefs to address its violations of this Court's Order, the Rules, and other deficiencies.

## CONCLUSION

For any and all of the foregoing reasons, and for those set forth in its Motion to Strike, Connectify respectfully requests that the Court grant its pending Motion to Strike [Dkt. no. 28] and enter its proposed Order.

Respectfully submitted,

Stradley Ronon Stevens & Young, LLP

*/s/ Samantha B. Kats*
Kevin R. Casey, Esq. (Pa. Attorney No. 58083)
Patrick R. Kingsley, Esq. (Pa. Attorney No. 62915)
Samantha B. Kats, Esq. (Pa. Attorney No. 316178)
30 Valley Stream Parkway
Malvern, PA 19355
610-640-5800
Kcasey@stradley.com

*Attorneys for Connectify, Inc.*

Dated:  October 19, 2023