IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BOUNTS TECHNOLOGIES LTD.,** | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| **CONNECTIFY, INC. and DOES 1–100,** | : | NO. 2:23-cv-890-MRP |
| Defendants. | : | |

Perez, J.                                                                                                           February 6, 2025

### MEMORANDUM

Plaintiff Bounts Technologies, Ltd. ("Plaintiff" or "Bounts") brings this action against Defendants Connectify, Inc. ("Defendant" or "Connectify"), and Does 1–100, believed to be distributors, resellers, or end users of Defendant's network hotspot products. Plaintiff alleges Defendant has directly infringed and induced third parties to infringe upon a patent in which Plaintiff owns all rights. Presently before the Court is Defendant's motion to strike Plaintiff's Second Amended Complaint (the "SAC") and Plaintiff's opposition to Defendant's motion to dismiss the First Amended Complaint (the "FAC"). For the reasons set forth below, the Court will deem the SAC properly filed. Defendant's motion to strike is therefore denied.

**I.      BACKGROUND**

Plaintiff is the owner of all rights in United States Patent No. 9,258,309 (the "'309 Patent"). ECF No. 26 at ¶ 6. The '309 Patent "relates to a method of operating a wireless access point," such as a computer linked to a wireless router, to provide other wireless-enabled devices with "access to a network," such as the Internet. ECF No. 26-1 at 1:7–10; *see also id.* at 4:16–23. Claim 1 of the '309 Patent claims "[a] method of operating a single network adapter, comprising a single network interface card or module, to communicate wirelessly with a first sub-network and a second

sub-network." *Id.* at 8:64–67. The method involves setting up separate network addresses and routing tables for use in each sub-network in the single network interface card and using said network interface card to transmit data between the sub-networks. *Id.* at 9:1–11. The network adapter controls access from the second sub-network to the network gateway in the first sub-network, permitting network access only after verification. *Id.* at 9:12–21.

Defendant sells Connectify Hotspot software, which "provides a wireless access point to the Internet[.]" ECF No. 26 at ¶ 15. Defendant's website describes Connectify Hotspot as a "virtual router application" that "lets you share Internet from your laptop with" other devices. *Id.* The website explains, "With just your computer's internal WiFi card and Connectify Hotspot software, you've got a fully-featured virtual router." *Id.* at ¶ 16. The first sub-network in this configuration is established between the computer and the router; the second is generated by Defendant's software. *Id.*

Several pleadings have been filed thus far. On March 8, 2023, Plaintiff sued Defendant for direct and induced patent infringement. ECF No. 1 at ¶¶ 23–32. Defendant moved to dismiss the Complaint on August 3. ECF No. 10. On August 21, Plaintiff filed the FAC, slightly revising three paragraphs of the original Complaint. *See* ECF No. 15 at ¶¶ 7, 9, 15. Defendant moved to dismiss the FAC on September 1. ECF No. 18. On September 12, Plaintiff filed an uncontested motion to extend its deadline to respond to the motion to dismiss. ECF No. 19. The Court granted the motion, extending Plaintiff's response deadline to September 27. ECF No. 25.

On September 27, Plaintiff filed the SAC, which included new allegations (1) referencing a pre-suit investigation of Defendant's products and methods conducted by "one skilled in the art," ECF No. 26 at ¶ 14; (2) detailing how Defendant's products and methods purportedly infringe on each element of claim 1 of the '309 Patent, *id.* at ¶¶ 15–22; (3) claiming Defendant promotes and

provides instructions for its infringing products to third parties, *id.* at ¶¶ 23–24; and (4) supporting the contention that Defendant knew of the '309 Patent and its alleged infringement, *id.* at ¶¶ 25–26.

On September 28—just shy of an hour after the Court-imposed deadline—Plaintiff filed its opposition to Defendant's motion to dismiss the FAC. ECF No. 27. Defendant declined to excuse Plaintiff's untimeliness. ECF No. 35-3 at 3.

Now, Defendant moves to strike (1) the SAC, because Plaintiff filed it without Defendant's consent or leave of Court, in violation of Federal Rule of Civil Procedure 15(a)(2); and (2) Plaintiff's untimely opposition to Defendant's motion to dismiss the FAC. ECF Nos. 28, 28-1.

## II.    LEGAL STANDARD

A district court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[D]istrict courts within the Third Circuit use Rule 12(f) to strike unauthorized amendments to pleadings." *Abrams v. eResearch Tech., Inc.*, 703 F. Supp. 3d 593, 600 (E.D. Pa. 2023) (citing *Simmons v. Simpson House, Inc.*, No. 15-6636, 2017 WL 1196636, at *1 (E.D. Pa. Mar. 30, 2017); *T.J. McDermott Transportation Co. v. Cummins, Inc.*, No. 14-4209, 2017 WL 11476192, at *2 (D.N.J. Jan. 17, 2017)). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Snider for Goldhirsh v. State Farm Fire & Cas. Co.*, 644 F. Supp. 3d 141, 147 (E.D. Pa. 2022) (quoting *McInerney v. Moyer Lumber and Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002)).

## III.    DISCUSSION

A party may amend its pleading once as a matter of course pursuant to Rule 15(a)(1), after which it "may amend only with leave of court or the written consent of the opposing party" pursuant to Rule 15(a)(2). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (Alito, J.). Plaintiff

exhausted its only amendment as a matter of course when it filed the FAC. Thus, Plaintiff was required to secure Defendant's consent or this Court's leave before filing the SAC.

It is undisputed that Plaintiff secured neither.[1] However, Plaintiff's failure to comply with Rule 15(a)(2) "does not preclude this Court from accepting [the SAC]." *BFF II PTE. LTD. v. Rosen*, No. 24-1228, 2025 WL 42963, at *2 (E.D. Pa. Jan. 7, 2025) (citations omitted). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citation omitted). Courts in this district have "consider[ed] an unauthorized amendment 'as properly introduced when leave to amend would have been granted had it been sought[.]'" *Abrams*, 703 F. Supp. 3d at 601 (quoting *Wallace v. Sys. & Computer Tech. Corp.*, No. 95-6303, 1997 WL 602808, at *7 (E.D. Pa. Sep. 23, 1997)). As such, this Court now analyzes whether it would have granted Plaintiff leave to file the SAC.

### A. Justice Requires Permitting Amendment

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[O]utright refusal to grant . . . leave without any justifying reason appearing for the denial is" an "abuse of [the district court's] discretion and inconsistent with the spirit of the Federal Rules." *Foman*, 371 U.S. at 182. Among the permissible grounds for denying leave are undue prejudice, futility, undue delay, bad faith, dilatory motive, and repeated failure to cure deficiencies in previous amendments. *Id.*; *see also, e.g.*, *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993). "Only when these factors suggest that amendment would be unjust should the court deny leave."

---

[1] Plaintiff maintains the Parties' agreement to extend Plaintiff's deadline to oppose the motion to dismiss the FAC "extended the period of time to file an associated amendment under Rule 15(a)(1)(B)[.]" ECF 35 at 5. This argument is unavailing because the SAC could not be filed pursuant to Rule 15(a)(1).

*Borough of Quakertown v. Verizon Commc'ns, Inc.*, 380 F. Supp. 3d 461, 462 (E.D. Pa. 2019) (quoting *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006)).

### 1. Amendment Will Not Prejudice Defendant at this Juncture

"[P]rejudice to the nonmoving party is the touchstone for the denial of an amendment." *Wallace*, 1997 WL 602808, at *7 (quoting *Lorenz,* 1 F.3d at 1414). "In order to make the required showing of prejudice, regardless of the stage of the proceedings, [the nonmoving party] is required to demonstrate that its ability to present its case would be seriously impaired were amendment allowed." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir. 1990) (citing *Bechtel v. Robinson,* 886 F.2d 644, 652 (3d Cir. 1989); *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing,* 663 F.2d 419, 426 (3d Cir. 1981)). "Only where the amendment substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation may the court deem it prejudicial." *Synthes, Inc. v. Marotta*, 281 F.R.D. 217, 227 (E.D. Pa. 2012) (quotation omitted).

Permitting the SAC now, at the pleadings stage and before the parties have even had a Rule 16 conference, will not impair Defendant's ability to present its case. *See Bechtel*, 886 F.2d at 652. No new preparation is required, because the SAC "is based upon facts and circumstances which do not differ significantly from those underlying the . . . original allegations. The evidence required to meet these new allegations is substantially similar to that which was originally required." *Dole*, 921 F.2d at 488.  Defendant might incur additional costs to file another motion to dismiss, but any resulting prejudice "is insufficient to refuse [P]laintiff leave" to amend the FAC. *Deeley v. Genesis Healthcare Corp.*, No. 10-1242, 2010 WL 3239352, at *3 (E.D. Pa. Aug. 16, 2010) (citing *Thomas v. Ne. Educ. Intermediate Unit 19*, No. 06-1902, 2008 WL 314373, at *4 (M.D. Pa. Feb. 1, 2008)).

### 2. Amendment Would Not be Futile

"Amendment would be futile if the amended complaint would not survive a motion to dismiss for failure to state a claim." *In re Generic Pharms. Pricing Antitrust Litig.*, 315 F. Supp. 3d 848, 852–53 (E.D. Pa. 2018) (quoting *Budhun v. Reading Hosp. and Med. Ctr.*, 765 F.3d 245, 259 (3d Cir. 2014)). To state a claim for patent infringement, a complaint must "contain sufficient factual allegations such that a reasonable court could, assuming the allegations were true, conclude that the defendant infringed." *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 936 (Fed. Cir. 2015). Importantly, "[a] plaintiff is not required to plead infringement on an element-by-element basis." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021) (citing *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018)). "[I]t is enough 'that a complaint place the alleged infringer on notice of what activity . . . is being accused of infringement.'" *Id.* (quoting *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017)).

"Generally, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *Borough of Moosic v. Darwin Nat. Assur. Co.*, 556 F. App'x 92, 95 (3d Cir. 2014) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). However, it may consider documents "integral to or explicitly relied upon in the complaint[.]" *In re Burlington Coat Factory*, 114 F.3d at 1426 (citations omitted).

Plaintiff alleges Defendant directly infringed and induced infringement of the '309 Patent. Plaintiff seeks enhanced damages based on Defendant's alleged willfulness. The Court analyzes each of these claims in turn.

#### i. Direct Infringement

"[D]irect infringement . . . occurs when a party, without authority, 'makes, uses, offers to sell, or sells any patented invention, within the United States[.]'" *Progme Corp. v. Comcast Cable*

*Commc'ns LLC*, No. 17-1488, 2017 WL 5070723, at *5 (E.D. Pa. Nov. 3, 2017) (quoting 35 U.S.C. § 271(a)). "A patentee may prove a direct infringement under § 271(a) either by (1) demonstrating specific instances of direct infringement; or (2) showing that an accused device necessarily infringes on the patent." *Id.* (citing *ACCO Brands, Inc. v. ABA Locks Mfrs. Co.*, 501 F.3d 1307, 1313 (Fed. Cir. 2007)).

Here, Plaintiff plausibly alleges Defendant offers to sell its products in the United States. The SAC states that "Defendant has and/or does manufacture, import into, sell, offer for sale, use and/or provide [its] Hotspot Products . . . in or export them out of the United States to third-parties." ECF 26 at ¶ 23. Indeed, the SAC explicitly relies on, and provides screenshots of, Defendant's public website, where Connectify Hotspot is available for download in exchange for payment. *See, e.g., id.* at ¶ 15 (citing www.connectify.me).

Although not required to survive a motion to dismiss, the SAC pleads infringement of claim 1 of the '309 Patent on an element-by-element basis. Citing the analysis of one "skilled in the art," *id.* at ¶ 14, Plaintiff explains how Connectify Hotspot, in conjunction with a single network interface card in the form of a "computer's internal WiFi card," allows a user "to share an Internet connection with other devices[.]" *Id.* at ¶ 16. Connectify Hotspot sets up separate network addresses—Internet Protocol addresses—and routing tables in the WiFi card for use in each of two sub-networks. *Id.* at ¶¶ 18–19. The WiFi card transmits data, including verification of access rights, between the sub-networks, permitting access to an internet gateway. *Id.* at ¶¶ 20–22.

These allegations put Defendant on notice of its allegedly infringing activity. Accepting Plaintiff's factual contentions as true, one skilled in the art confirmed Defendant's alleged infringement by "running, observing and analyzing the operation, steps, code, code-induced

functionality . . . and results achieved by the methods employed by Defendant's Hotspot Products[.]" *Id.* at ¶ 14. As such, the SAC's amendments as to direct infringement are not futile.

### ii. Induced Infringement

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). To state a claim for induced infringement, a patent owner must plausibly allege "(1) direct infringement, and (2) that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Moskowitz Fam. LLC v. Globus Med., Inc.*, No. 20-3271, 2021 WL 6136720, at *2 (E.D. Pa. Mar. 10, 2021) (quoting *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1363 (Fed. Cir. 2012)) (cleaned up).

While a plaintiff must "plead[] facts sufficient to allow an inference that at least one direct infringer exists," it "need not identify a *specific* direct infringer[.]" *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012) (citations omitted) (emphasis in original).[2] References to "brochures and other promotional material" are "sufficient to support a plausible inference that at least one directly infringing customer—for example, a recipient of one of these brochures or promotional materials—exists." *AlexSam, Inc. v. Aetna, Inc.*, 119 F.4th 27, 46 (Fed. Cir. 2024).

Defendant's website advertises an "easy-to-use virtual router application" that "lets you share Internet from your laptop with your smartphone, tablet, media player, e-reader, other laptops, and even your nearby friends." ECF No. 26 at ¶ 15. A Connectify software user can "share an Internet connection with other devices, extend a WiFi network or . . . create a network between

---

[2] Although the *In re Bill of Lading* court arrived at this conclusion under the since-abrogated pleading standard set forth in Rule 84, its reasoning remains sound. The Federal Circuit "has upheld claims of indirect infringement premised on circumstantial evidence of direct infringement by unknown parties. Given that a plaintiff's indirect infringement claims can succeed at trial absent direct evidence of a specific direct infringer, we cannot establish a pleading standard that requires something more." *In re Bill of Lading,* 681 F.3d at 1336 (citations omitted).

[their] devices . . . [w]ith just [their] computer's internal WiFi card and Connectify Hotspot software[.]" *Id.* at ¶ 16. Indeed, a YouTube video on Defendant's account "expressly touts the ability of and encourages the use of its Hotspot Product software to establish a wireless hotspot which uses the [allegedly infringing] method[.]" *Id.* at ¶ 24. Additionally, Connectify Hotspot is available for download on Defendant's website. Combined, these facts support an inference that at least one direct infringer exists among Defendant's unnamed "clients," "distributors," "resellers," "customers and/or other third parties." *Id.* at ¶¶ 26, 28, 29.

Materials encouraging allegedly infringing acts, in conjunction with a defendant's knowledge of the patent at issue, may also give rise to an inference that the defendant knew it was inducing infringement. *See In re Bill of Lading*, 681 F.3d at 1341–42. Plaintiff's allegation that "Defendant has known of the '309 Patent" since this action was filed, ECF 26 at ¶ 25, is sufficient to establish at least post-Complaint knowledge of the '309 Patent, *see Bonutti Skeletal Innovations, LLC v. Globus Medical Inc.*, No. 14-6650, 2015 WL 3755223, at *8 (Jun. 15, 2015). And "Defendant has expressly and affirmatively provided instructions materials to its clients that enable them to perform the acts that infringe the '309 Patent." ECF 26 ¶ at 26. The Court therefore holds that Plaintiff's allegations support the inference that Defendant knew third parties' actions constituted infringement.

A defendant's knowledge of the patent and its customers' infringement, along with continued encouragement and instruction to customers, "are sufficient at the pleadings stage to make it plausible that [the defendant] indeed intended that its customers infringe [the plaintiff's] patent." *AlexSam, Inc.*, 119 F.4th at 46; *see also Moskowitz Fam. LLC*, 2021 WL 6136720, at *3 ("[M]arketing or technical support activities coupled with actual knowledge of the patents-in-suit and awareness that the accused products infringe the patent-in-suit may be sufficient" to state a

claim for induced infringement. (quotation omitted)). Further, "[c]ommon sense indicates that advertising that your product can be used" to achieve the same purpose as a patented method, in the absence of any other identified method to achieve that purpose, "gives rise to a reasonable inference that you intend to induce your customers to accomplish these benefits through utilization of the patented method." *In re Bill of Lading*, 681 F.3d at 1341–42.

Defendant's knowledge of the '309 Patent, knowledge that its customers were infringing upon that patent, and affirmative statements encouraging the use of Connectify Hotspot, give rise to the inference that Defendant intended to induce its customers to connect to the Internet via a hotspot using Plaintiff's patented method. Accordingly, the SAC's amendments as to induced infringement are not futile.

### iii. Enhanced Recovery

A court may award enhanced damages under 15 U.S.C. § 284, though they are generally reserved for "egregious cases" of infringement "typified by willful misconduct." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 106 (2016). This Court declines to preclude Plaintiff from collecting enhanced damages at this early stage of the litigation, and so will not strike the SAC's allegations of willful and egregious infringement. *See, e.g.*, *Progme Corp.*, 2017 WL 5070723, at *12 ("To the extent that [a defendant] has persisted in its alleged infringement . . . after Plaintiff filed its complaints, this conduct could possibly amount to willful infringement. . . . In the event further development of the record yields evidence of egregious conduct, [the defendant] may be subject to enhanced damages for alleged direct infringement[.]").

### 3. Plaintiff Did Not Act with Undue Delay, Bad Faith, or Dilatory Motive

"The question of undue delay, as well as the question of bad faith, requires that we focus on the plaintiffs' motives for not amending their complaint . . . earlier[.]" *Adams v. Gould Inc.*,

739 F.2d 858, 868 (3d Cir. 1984). Defendant does not argue, and the record does not indicate, that Plaintiff's amendments were motivated by bad faith. *See id.* Instead, Defendant argues Plaintiff's delay was undue because Plaintiff could have raised the allegations in the SAC in the original Complaint. ECF 28-1 at 6. But delay does not become "undue" until it "plac[es] an unwarranted burden on the court[.]" *Adams*, 739 F.2d at 868 (citations omitted). As this action is still in the pleadings stage, Plaintiff's short delay in filing the SAC does not measurably contribute to this Court's burden.

Plaintiff filed the FAC eighteen days after Defendant's motion to dismiss the Complaint, and the SAC twenty-six days after Defendant's motion to dismiss the FAC. Courts in this district have accepted unauthorized amendments far beyond this time frame. *See, e.g.*, *Abrams*, 703 F. Supp. 3d at 597 (partially permitting unauthorized amendment five months after motion to dismiss first amended complaint). Using an alternative metric, "a period of eleven months from commencement of an action to the filing of a motion for leave to amend is not, on its face, so excessive as to be presumptively unreasonable." *Arthur*, 434 F.3d at 205 (collecting cases). Plaintiff filed the SAC just under seven months after the original Complaint.

Plaintiff did not file the SAC with undue delay or bad faith.

### 4. Plaintiff's Previous Failure to Cure Deficiencies Does Not Justify Rejection of SAC

While the FAC was "not substantially different than [its] original complaint, [P]laintiff did alter [its] allegations in response to [Defendant's] original motion to dismiss." *Deeley*, 2010 WL 3239352, at *3. Specifically, Plaintiff added allegations going to the induced and willful infringement claims. *Compare* ECF 1 ¶ at 16, *with* ECF 15 ¶ 15. These additions were arguably cursory and could very well have failed to fully address all the deficiencies Defendant identified in its original motion to dismiss. However, it would be an unjust contravention of Rule 15(a)(2) to

deny Plaintiff the opportunity to test the SAC's merits on this ground alone. *See Deeley*, 2010 WL 3239352, at *3.

Finding no suitable justification to deny Plaintiff the opportunity to amend, and concluding that the most efficient disposition of the instant motion is to deem the SAC properly filed, this Court will deny Defendant's motion to strike the SAC.

### B. The Remainder of the Motion to Strike is Moot

This Court has deemed the SAC properly filed; it is now the operative complaint. Thus, to the extent Defendant moves to strike Plaintiff's opposition to the motion to dismiss the FAC, the motion is denied as moot.

### IV. CONCLUSION

With the aims of justice and judicial economy in mind, the Court deems the SAC properly filed. The Court therefore denies Defendant's motion to strike in its entirety. An appropriate order follows.