IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOUNTS TECHNOLOGIES LTD., <br><br> Plaintiff, <br><br> v. <br><br> CONNECTIFY, INC., and DOES 1-100, <br><br> Defendants. | CASE NO. 2:23-cv-00890 <br><br> Judge Mia Roberts Perez |

**CONNECTIFY, INC.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS BASED ON INVALIDITY UNDER 35 U.S.C. § 101 OF ALL CLAIMS OF U.S. PATENT NO. 9,258,309 PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Defendant, Connectify, Inc. ("Connectify"), submits this Reply Memorandum of Law in further support of its Motion to Dismiss the Second Amended Complaint of Plaintiff, Bounts Technologies Ltd. ("Bounts" or "Plaintiff"), in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted because all claims of U.S. Patent No. 9,258,309 (the "'309 Patent") fail to recite patent eligible subject matter under 35 U.S.C. § 101 and are invalid under the two-step test for patent eligibility established by the United States Supreme Court in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208 (2014).

TABLE OF CONTENTS

INTRODUCTION .................................................................................................................. 1
ARGUMENT .......................................................................................................................... 2
    I.       The '309 Patent is Invalid ................................................................................. 2
           A.      Independent Claims 1, 13 19 Are Directed to Abstract Ideas .................. 3
           B.      Claims 1 Through 19 Do Not Provide an Inventive Concept ................... 4
CONCLUSION ....................................................................................................................... 6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AI Visualize, Inc. v. Nuance Commc'ns, Inc.*,
    97 F.4th 1371 (Fed. Cir. 2024) ................................................................................................1

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*,
    573 U.S. 208 (2014) ........................................................................................................ passim

*Bilski v. Kappos*,
    561 U.S. 593 (2010) ................................................................................................................3

*Bridge & Post, Inc. v. Verizon Commc'ns, Inc.*,
    778 F. App'x 882 (Fed. Cir. 2019) .........................................................................................4

*Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*,
    776 F.3d 1343 (Fed. Cir. 2014) ..............................................................................................1

*CyberFone Sys., L.L.C. v. CNN Interactive Grp., Inc.*,
    558 F. App'x. 988 (Fed. Cir. 2014) ........................................................................................1

*Ericsson Inc. v. TCL Commc'n Tech. Holdings*,
    955 F.3d 1317 (Fed. Cir. 2020) ...................................................................................... passim

*Finjan, Inc. v. Blue Coat Sys., Inc.*,
    879 F.3d 1299 (Fed. Cir. 2018) ..............................................................................................3

*In Re Fout*,
    675 F.2d 297 (1982) ................................................................................................................6

*Int'l Bus. Machines Corp. v. Zillow Grp., Inc.*,
    No. 2022-1861, 2024 WL 89642 (Fed. Cir. Jan. 9, 2024) ......................................................1

*Intellectual Ventures I LLC v Erie Indem. Co.*,
    850 F.3d 1315 (Fed. Cir. 2017) ..............................................................................................1

*Ultramercial, Inc. v. Hulu, L.L.C.*,
    772 F.3d 709 (Fed. Cir. 2014) ................................................................................................1

*Universal Secure Registry LLC v Apple Inc.*,
    10 F.4th 1342 (Fed. Cir. 2021) ...............................................................................................1

**Statutes**

35 U.S.C. § 101 ........................................................................................................... passim

F. R. Civ. P. 12(b)(6) ...................................................................................................................1

**Other Authorities**

37 C.F.R. § 1.75(e).........................................................................................................................5

U.S. Manual of Patent Examining Procedure § 2129 ....................................................................5

# INTRODUCTION

As discussed at length in Connectify's moving brief, Bounts' Amended Complaint fails as a matter of law because the claims of the '309 Patent do not recite patent-eligible subject matter as required by 35 U.S.C. § 101. Bounts attempts to sidestep this critical threshold issue by arguing incorrectly that Connectify's motion to dismiss requires prior art determinations and raises factual issues, which preclude dismissal at the pleading stage. (Bounts' Opposition, Dkt. No. 42, at 1, 3). Bounts' effort to muddy the waters falters under any modicum of scrutiny.

District Courts routinely dismiss patent infringement claims based on patent ineligibility under Section 101 at the pleading stage, and the Federal Circuit Court of Appeals routinely affirms these District Court decisions.[1] Rather than address applicable law, Bounts responds to Connectify's motion by seeking to re-direct this Court to purported factual issues that simply do not exist. Bounts does so by mischaracterizing Connectify's motion and attaching a self-serving affidavit of Levi Russel, the inventor behind the '309 Patent. However, Bounts' arguments are a

---

[1] *See, e.g.*, *AI Visualize, Inc. v. Nuance Commc'ns, Inc.*, 97 F.4th 1371, 1381 (Fed. Cir. 2024) (affirming district court's dismissal under Rule 12(b)(6) based on subject matter ineligibility under § 101); *Universal Secure Registry LLC v Apple Inc.*, 10 F.4th 1342, 1358 (Fed. Cir. 2021) (affirming the dismissal of patent infringement claims where all of the asserted patents claimed patent-ineligible subject matter pursuant to 35 U.S.C. §101 because they were all directed to a non-abstract idea); *Ultramercial, Inc. v. Hulu, L.L.C.*, 772 F.3d 709, 713, 717 (Fed. Cir. 2014) (affirming grant of "pre-answer motion to dismiss under Rule 12(b)(6) without formally construing the claims"); *see also Int'l Bus. Machines Corp. v. Zillow Grp., Inc.*, No. 2022-1861, 2024 WL 89642, at *1 (Fed. Cir. Jan. 9, 2024) ("we agree that all asserted claims are ineligible and the pleadings thus fail to state a claim upon which relief can be granted"); *Intellectual Ventures I LLC v Erie Indem. Co.*, 850 F.3d 1315, 1332 (Fed. Cir. 2017) (holding that the dismissal of patent infringement claims at the pleading stage was proper where all of the patents were directed to patent-ineligible subject matter under §101); *CyberFone Sys., L.L.C. v. CNN Interactive Grp., Inc.,* 558 F. App'x. 988, 991 n.1 (Fed. Cir. 2014) ("There is no requirement that the district court engage in claim construction before deciding § 101 eligibility"); and *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1349 (Fed. Cir. 2014) (finding no error where the district court declared the infringement claims patent-ineligible under §101 at the pleading stage as none of the claims "amount[ed] to 'significantly more' than [an] abstract idea").

complete red herring. The Federal Circuit has explicitly held that claims directed to the abstract idea of controlling access to, or limiting permission to, resources are invalid under the *Alice* test.[2] Bounts' self-serving affidavit does nothing to alter the Federal Circuit's analysis.

Moreover, the ineligibility of claims is routinely addressed at the pleadings stage because patent eligibility under Section 101 is a threshold question of law. Connectify cites to multiple cases where courts dismissed, at the pleading stage, software related patent infringement claims like the claims of the '309 Patent at issue in this action. Bounts does not even attempt to distinguish from most of these cases, because it cannot. Instead, Bounts repeatedly describes Connectify's reliance on legal authority as mere "lawyer arguments" in an attempt to ostensibly divert from the merits of Connectify's motion. This is a failing tactic.

Claims 1, 13, and 19 in the '309 Patent are directed to an abstract idea, i.e., controlling access to, or limiting permission to, resources – a well-known human activity. And, because all claims of the '309 Patent merely add only generic computer components and functionalities to operate the abstract idea, the claims lack inventive concept under the Supreme Court's *Alice* test. Accordingly, the claims are invalid as a matter of law, and no factual inquiry is needed.

## ARGUMENT

### I. The '309 Patent is Invalid

Incredibly, Bounts makes little, if any, effort to respond to Connectify's argument that the claims fail to recite patent-eligible subject matter pursuant to Section 101. Instead, Bounts maintains that there are factual questions regarding the content and scope of prior art that preclude dismissal at this stage. (Opp. at 4). However, Bounts is mistaken for two key reasons. First, dismissal now is proper because the '309 Patent does not pass the *Alice* test. Second, there are no

---

[2] *See Ericsson Inc. v. TCL Commc'n Tech. Holdings*, 955 F.3d 1317 (Fed. Cir. 2020).

factual issues concerning the scope and content of prior art because Bounts admitted to prior art on the face of the '309 Patent.

### A. Independent Claims 1, 13 19 Are Directed to an Abstract Idea

Patent eligibility under Section 101 is a threshold question. *See Bilski v. Kappos*, 561 U.S. 593 (2010). In *Alice*, the U.S. Supreme Court proscribed a two-step test for determining whether claims are directed to patent-ineligible subject matter. *See Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208 (2014). In *Alice* step 1, the Court must "determine whether the claims at issue are directed to a patent-ineligible concept" such as an abstract idea. *Id*. at 218.

As an initial matter, Bounts fails to address Connectify's substantive analysis under *Alice* step 1, seemingly conceding that claims 1, 13, and 19 are directed to an abstract idea. Connectify can only assume that Bounts fails to respond because the Federal Circuit has deemed the types of claims at issue in this action as abstract and invalid under Section 101.

Here, the limitations proscribed in representative claim 1 are unpatentable abstract ideas because they perform the abstract idea of a user requesting access and receiving verification on generic computer hardware, i.e., a method of organizing a human activity to perform a well-known generic activity. *Id.; see Ericsson*, 955 F.3d at 1326. Put differently, the claims are directed to the abstract idea of waiting for a user request as part of the claim operations and providing a data receiving operation if the user has the identified "access rights." Thus, the claims at issue in this action are for the exact type of "controlling access" that the *Ericsson* court deemed abstract and unpatentable. *Id.* ("**Based on the claim language**, we conclude that claims 1 and 5 are directed to the abstract idea of controlling access to, or limiting permission to, resources") (emphasis added).

In addition, claims 1, 13, and 19 provide no improvements to a conventional network, devices operating on a network, or routing tables in general. None of the alleged improvements "enables a computer . . . to do things it could not do before." *Finjan, Inc. v. Blue Coat Sys., Inc.*,

879 F.3d 1299, 1305 (Fed. Cir. 2018). Such claims, whose focus is "not a physical-realm improvement but an improvement in a wholly abstract idea," are not eligible for patenting. *Bridge & Post, Inc. v. Verizon Commc'ns, Inc.*, 778 F. App'x 882, 889 (Fed. Cir. 2019) (unpublished but citing *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1168 (Fed. Cir. 2018)).

Finally, in *Ericsson*, the Federal Circuit stated that, "[c]ontrolling access to resources is exactly the sort of process that 'can be performed in the human mind, or by a human using a pen and paper,' which we have repeatedly found unpatentable." *Ericsson*, at 1327 (citing *CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1372 (Fed. Cir. 2011)). As in *Ericsson*, claims 1, 13, and 19 of the '309 Patent recite conventional components of a data network, then require a request from a user to receive access, which must be verified by a conventional data retrieval operation. The claims all recite details, which require a person's request and thus the process is without question one that a human is required to perform. Therefore, the claims are directed to a well-known human activity, which is abstract under *Alice* step 1.

**B.     Claims 1 Through 19 Do Not Provide an Inventive Concept**

When a court determines that the claims are directed to an abstract idea, e.g., a process for controlling access to, or limiting permission to, resources - a well-known human activity, under *Alice* step 1, the next step, i.e., *Alice* step 2, is to determine whether any claim elements, alone or in combination, provide an inventive concept. *Alice*, 573 U.S. at 218. This requires that the patent claims amount to something "significantly more than a patent upon the [ineligible] concept itself." *Id.* (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 70 (2012)). As discussed at length in Connectify's moving brief, the independent claims 1, 13, and 19 merely recite common computer network elements and conventional hardware used to perform the abstract idea. More specifically, the computer network elements and hardware illustrated in the prior art configuration, which are expressly admitted by Bounts as "Conventional (Prior Art)" in

4

Figure 2 of the '309 Patent, and those illustrated as the "Alleged Invention" in the same Figure 2, *are the same*. Dependent claims 2-12 and 14-18 fail to add anything to independent claims 1, 13, and 19 beyond mere generic computer components and functions. The law is clear that generic computer components and functions do not arise to something "significantly more" imagined by the Supreme Court under *Alice* step 2. *Id.* at 223 ("[G]eneric computer implementation is not generally the sort of 'additional feature[e]' that provides any 'practical assurance that the process is more than a drafting effort designed to monopolize the [abstract idea] itself.'")

      Bounts, in a transparent attempt to survive dismissal of its claims, would have this Court believe that there are questions of fact with respect to the inventive concept that preclude dismissal. (Opp. at 1, 5). In support of this contention, Bounts attaches a blatantly self-serving affidavit that purportedly provides evidence of one skilled in the relevant art in an attempt to refute Bounts' own prior art admissions. Bounts' argument is nothing more than a diversionary tactic that runs afoul of well-established Federal Circuit precedent. Bounts simply cannot escape that it expressly admitted to the scope of the prior art in the '309 Patent, and Mr. Russel's affidavit is not capable of reversing Bounts' admissions.

      A review of the '309 Patent makes clear that it employs the Jepson format for claim 1. *See* Ex. 1 to Second Amended Complaint, Dkt. No. 26-1. As enumerated by the U.S. Manual of Patent Examining Procedure (MPEP) § 2129 and 37 C.F.R. § 1.75(e) "[d]rafting a claim in Jepson format . . . is taken as an implied admission that the subject matter of the preamble is the prior art work of another." Therefore, Bounts admitted on the face of the '309 Patent in the "Summary of Invention" that all the limitations recited and underlined in claim 1 before the last two "access" limitations in the "whereas" clauses recite known, prior art computer steps and components. *See*

5

Ex. 1 to Second Amended Complaint, at column 2, lines 13-33; *see also In Re Fout*, 675 F.2d 297, 300 (1982) ("Valid prior art may be created by admissions of the parties").

Notably, Bounts fails to refute well-established law that the drafting of a claim in Jepson format is an admission of prior art. Bounts instead spends much time arguing the scope and content of the prior art and attempting to distinguish it from the '309 Patent, even despite admitting to the scope of the prior art in its negotiations with the Patent Office. In addition to Bounts' admission of prior art, which belies their argument, as discussed *supra*, the '309 Patent does not recite patent-eligible subject matter because it is directed to an abstract idea under *Alice* step 1 and does not add any inventive concept under *Alice* step 2. Because the claim limitations do not recite any inventive concept but rather state admittedly conventional and well-known, generic computer functions and components to operate an abstract idea, the claims of the '309 Patent are patent ineligible subject matter as a matter of law, and there is no need to conduct any factual inquiries.

Similarly, Bounts' argument that Connectify was required to proffer evidence of one skilled in the art in its *Alice* step 2 analysis falls flat. As demonstrated in *Ericsson*, no such evidence is required, whereas here, none of the "elements actually recited in the claim…are sufficient to turn the claim into anything more than a generic computer for performing the abstract idea of controlling access to resources." *Ericsson*, 955 F.3d at 1330 (internal citations omitted) (dismissing patent infringement claim at the pleading stage). Accordingly, no findings of fact are required, and Connectify's motion should be granted.

## **CONCLUSION**

For all the foregoing reasons, Connectify respectfully requests that this Court grant its Motion to Dismiss Plaintiff's Second Amended Complaint because the claims fail to recite patent eligible subject matter as required by Section 101.

Respectfully submitted,

Stradley Ronon Stevens & Young, LLP

*/s/ Samantha B. Kats*
Patrick R. Kingsley (Pa. Attorney No. 62915)
Philip J. Foret, Esquire (Pa. Attorney No. 87509)
Samantha B. Kats, Esq. (Pa. Attorney No. 316178)
30 Valley Stream Parkway
Malvern, PA 19355
610-640-5800
Skats@stradly.com

*Attorneys for Connectify, Inc.*

Dated: March 19, 2025