### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| | : | |
| | : | **CIVIL ACTION** |
| BOUNTS TECHNOLOGIES LTD., | : | |
|     Plaintiffs, | : | |
| **v.** | : | |
| | : | |
| | : | **NO. 23-890** |
| CONNECTIFY, INC. AND DOES 1-100, | : | |
|     Defendants. | : | |

## AMENDED SCHEDULING ORDER

**AND NOW,** this 10th day of September, 2025, following a preliminary pretrial conference and upon consideration of the joint submission by the Parties at ECF No. 57, it is hereby **ORDERED** as follows:

1. By or before September 12, 2025, Plaintiff shall serve preliminary infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (*i.e.* the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit.

2. Plaintiff shall file the Proposed Protective Order no later than September 12, 2025.

3. By or before September 22, 2025, Defendant shall serve preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3)

an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101.

Defendant shall also produce (1) all prior art referenced in the invalidity contentions, (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s), and (3) summary, annual sales information for the accused product(s) for the two years preceding the filing of the Complaint, unless the parties agree to some other timeframe.

4. By or before October 6, 2025, Parties shall exchange claim terms for construction.

5. By or before October 20, 2025, Parties shall exchange proposed claim constructions.

6. By or before November 14, 2025, Parties shall disclose extrinsic evidence for the Markman Hearing. The Parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall also provide a summary of the witness's expected testimony including the opinions to be expressed and a general description of the basis and reasons therefor.
A failure to summarize the potential expert testimony in a good faith, informative fashion may result in the exclusion of the proffered testimony. With respect to items of extrinsic evidence, the parties shall identify such item by production number or produce a copy of any such item if not previously produced.

7. By or before November 21, 2025, Parties shall meet and confer to narrow terms in dispute and exchange revised lists of terms/constructions.

8. Opening claim construction briefs, including any arguments that any claim terms are indefinite, shall be filed no later than December 2, 2025.

9. Responsive claim construction briefs shall be filed no later than December 23, 2025.

10. Reply claim construction briefs shall be filed no later than January 7, 2026.

11. By or before January 12, 2026, Parties shall submit a Joint Claim Construction Statement. In addition to filing, the Parties shall jointly submit, via USB drive, Dropbox (not another cloud storage), or email to the law clerk, PDF versions of all as-filed briefing and exhibits. Absent agreement of the Parties, Plaintiff shall be responsible for the timely submission of this and other joint filings.

12. A Markman Hearing shall be held on Tuesday, February 10, 2026, in Courtroom 10-B at 10:00 AM.

13. By or before February 20, 2026, Parties shall substantially complete document production and exchange privilege logs. Counsel are expected to make good faith efforts to produce all required documents as soon as they are available and not wait until the substantial completion deadline.

14. Parties may be added no later than March 2, 2026.

15. By or before March 16, 2026, Parties shall serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to Infringement or Invalidity contentions. This deadline does not relieve the Parties of their obligation to seasonably amend if new information is identified after initial contentions.

16. Pleadings may be amended no later than April 13, 2026. A motion is not required unless the amendment adds patents or patent claims.

17. Fact discovery shall be completed on or before April 20, 2026.

18. Opening expert reports for the Party bearing the burden of proof shall be served no later than April 30, 2026.

19. Responsive expert reports shall be served no later than June 1, 2026.

20. Rebuttal expert reports shall be served no later than June 15, 2026.

21. Expert discovery, including depositions, shall be completed on or before July 15, 2026.

22. Dispositive motions and *Daubert* motions shall be filed no later than July 27, 2026.

23. Oppositions to dispositive motions and *Daubert* motions, if any, shall be filed no later than August 17, 2026.

24. By or before August 31, 2026, Parties shall meet and confer to discuss narrowing the number of claims asserted and prior art references at issue.

25. Parties shall file a Joint Report regarding results of the meet and confer no later than September 8, 2026.

26. Reply in further support of dispositive motions and *Daubert* motions shall be filed no later than September 14, 2026.

27. Pretrial Disclosures (jury instructions, exhibits lists, witness lists, discovery and deposition designations) shall be served on or before September 14, 2026.

28. Objections to pretrial disclosures shall be served on or before September 22, 2026.

29. Rebuttal disclosures shall be served on or before September 22, 2026.

30. Objections to rebuttal disclosures shall be served on or before September 28, 2026.

31. Motions *in limine* are due on or before September 28, 2026.

32. Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, discovery and deposition designations) shall be filed no later than October 5, 2026.

33. Oppositions to motions *in limine* are due on or before October 5, 2026.

34. By or before October 6, 2026, Parties shall meet and confer regarding remaining objections and disputes on motions *in limine*.

35. Joint notice identifying the remaining objections to pretrial disclosures and disputes on motions *in limine* shall be filed no later than 3 business days before the pre-trial conference.

36. A final pretrial conference shall be held on October 7, 2026, in Courtroom 10-B at 10:00 AM.

37. Jury selection shall take place on November 10, 2026, at 9:30 a.m. in Courtroom 10-B.

38. The jury trial will commence on November 12, 2026, at 9:30 a.m. in Courtroom 10-B and end by November 25, 2026.

BY THE COURT:

_____
Hon. Mia R. Perez