**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BOUNTS TECHNOLOGIES LTD., | : |
| | : |
| Plaintiff, | : CASE NO. 2:23-cv-890 |
| | : |
| v. | : Judge Mia Roberts Perez |
| | : |
| CONNECTIFY, INC. AND DOES 1-100, | : |
| | : |
| | : |
| Defendants. | : |
| | : |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO STAY**
**PENDING *EX PARTE* REEXAMINATION**

**STRADLEY RONON STEVENS & YOUNG, LLP**
Patrick R. Kingsley (Pa. Attorney No. 62915)
Philip J. Foret (Pa. Attorney No. 87509)
Chelsea A. Biemiller (Pa. Attorney No. 319625)
STRADLEY RONON STEVENS & YOUNG, LLP
2005 Market Street, Suite 3600
Philadelphia, PA 19103
610-640-5800
Pforet@stradley.com
*Counsel for Defendant, Connectify, Inc.*

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION AND SUMMARY OF ARGUMENT ................................................... 1

II.   STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS .................. 2

III.  LEGAL STANDARD ..................................................................................................... 2

IV.   ARGUMENT .................................................................................................................. 3

      A.    A Stay of This Case Will Not Prejudice Bounts. ..................................................... 3

      B.    The Potential to Simplify the Issues Here Is at Its Highest. .................................... 5

      C.    Given That the Most Burdensome Aspects of Litigation All Lie in the Future,
           the Stage of Proceedings in This Case Weighs in Favor of a Stay........................... 8

V.    CONCLUSION ............................................................................................................. 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*3rd Eye Surveillance, LLC v. United States*,
   172 Fed. Cl. 498 (2024)..........................................................................3, 4

*AGIS Software Dev. LLC v. Google LLC*,
   No. 2:19- 361, 2021 WL 465424 (E.D. Tex. Feb. 9, 2021) ...................................10

*British Telecomms. PLC v. IAC/InterActiveCorp*,
   No. 18-cv-366, 2020 WL 5517283 (D. Del. Sept. 11, 2020) ...........................*passim*

*Broadcast Innovation, L.L.C. v. Charter Commc'ns, Inc.*,
   No. 03-2223, 2006 WL 1897165 (D. Colo. July 11, 2006).....................................11

*ClearPlay v. Dish Network LLC*,
   No. 2:14-00191, 2021 WL 2515008 (D. Utah June 18, 2021)...............................10

*Cross Atl. Cap. Partners, Inc. v. Facebook, Inc.*,
   No. 07-2768, 2008 WL 3889539 (E.D. Pa. Aug. 18, 2008), *vacated following
   PTO determination of patent validity*, No. 07-2768, 2010 WL 4751673 (E.D.
   Pa. Nov. 22, 2010)..................................................................................8

*Destination Maternity Corp. v. Target Corp.*,
   12 F. Supp. 3d 762 (E.D. Pa. 2014).............................................................9

*GPAC, Inc. v. D.W.W. Enters., Inc.*,
   144 F.R.D. 60 (D.N.J.1992) .......................................................................7

*Hanover Prest-Paving Co. v. Staten Island Bldg. Prods. Dist Inc.*,
   No. 1:21- 1672, 2022 WL 22929763 (M.D. Pa. Apr. 6, 2022) ...............................8

*Heraeus Electro-Nite Co., LLC v. Vesuvius USA Corp.*,
   No. 09-2417, 2010 WL 181375 (E.D. Pa. Jan. 11, 2010) ...................................7, 8

*ICI Uniqema, Inc. v. Kobo Prods., Inc.*,
   No. 06-2943, 2009 WL 4034829 (D.N.J. Nov. 20, 2009).....................................6

*Infinity Computer Prods., Inc. v. Samsung Elecs. Am., Inc.*,
   No. 12-6798, 2013 WL 12207507 (E.D. Pa. Apr. 30, 2013)............................3-4, 7

*Kuruvilla v. Se. Pennsylvania Transportation Auth.*,
   No. 10-5249, 2011 WL 13227694 (E.D. Pa. June 15, 2011) ...............................4

*Landis v. North Am. Co.*,
   299 U.S. 248 (1936) ..................................................................................2

*Pride Mobility Prods. Corp. v. Permobil, Inc.*,
   No. 13-01999, 2013 WL 8445809 (E.D. Pa. Aug. 14, 2013).............................................2, 5, 7

*Procter & Gamble Co. v. Kraft Foods Global, Inc.*,
   549 F.3d 842 (Fed. Cir. 2008) .........................................................................................................2

*Purolite Int'l, Ltd. v. Rohm & Haas Co.*,
   No. 91-2740, 1992 WL 142018 (E.D. Pa. June 15, 1992) .....................................................10

*Ramot at Tel Aviv Univ. Ltd. v. Cisco Sys., Inc.*,
   No. 2:19-225, 2021 WL 121154 (E.D. Tex. Jan. 13, 2021) ..................................................11

*Smartflash LLC v. Apple Inc.*,
   621 F. App'x 995 (Fed. Cir. 2015) .........................................................................................10

*TC Tech. LLC v. Sprint Corp.*,
   No. 16-153, 2021 WL 4521045 (D. Del. Oct. 4, 2021)....................................................5, 10

**Other Authorities**

https://www.uspto.gov/learning-and-resources/statistics/reexamination-
   information ...........................................................................................................................8

## I.    <u>INTRODUCTION AND SUMMARY OF ARGUMENT</u>

Last week, the United States Patent and Trademark Office ("PTO") granted Defendant/Counterclaim Plaintiff Connectify, Inc.'s ("Connectify") Request for *Ex Parte* Reexamination ("EPR") of U.S. Patent No. 9,258,309 ("the '309 Patent") to reexamine the validity of all claims of the '309 Patent in view of prior art.  The '309 Patent is the only patent asserted in this case by Plaintiff Bounts Technologies, Ltd. ("Bounts").

During the EPR, the PTO will determine whether each claim of the '309 Patent is valid in view of the new prior art, which was not considered by the PTO before the '309 Patent was granted. The PTO may preliminarily reject one or more or all claims of the '309 Patent for invalidity. If Bounts is unable to overcome any rejection, then the PTO will issue a final determination that any rejected claim should be cancelled, which legally renders the claim invalid and unenforceable. It is certainly possible that the PTO could reject **all** of Bounts' claims, eliminating entirely the need for this litigation. If, during the EPR, Bounts amends any claim of the '309 Patent to be valid in view of the prior art, then the amended claim(s) could change in scope and limit or even preclude Bounts' ability to recover damages for past infringement and also trigger intervening rights of Connectify.

Connectify hereby moves to stay this case pending resolution of the EPR to avoid the substantial waste of judicial and party resources and the risk of inconsistent outcomes with the PTO if this case proceeds through claim construction, fact and expert discovery, dispositive motions, pre-trial motions, and trial while the EPR proceeds. A stay is consistent with both precedential case law and the congressional policy that courts should liberally stay cases like this one when a parallel EPR proceeding is pending.

## II.    STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

Bounts brought this lawsuit against Connectify on March 8, 2023, alleging infringement of the '309 Patent.  (*See* ECF Doc. No. 1).  Bounts thereafter twice amended its Complaint, filing the operative Second Amended Complaint on September 27, 2023 (ECF Doc. No. 26).  Following briefing and this Court's April 30, 2025 Opinion and Order denying Connectify's motion to dismiss the Second Amended Complaint (ECF Doc. Nos. 45 and 46), Connectify filed its Answer, Affirmative Defenses, and Counterclaims to the Second Amended Complaint on May 28, 2025 (ECF Doc. No. 49).  The '309 Patent is the only patent-in-suit in this action.

On August 1, 2025, Connectify filed with the PTO a Request for EPR of all claims of the '309 Patent based on obviousness in view of prior art.  On September 16, 2025, the PTO granted the Request for *Ex Parte* Reexamination, finding multiple substantial new questions regarding the patentability of all claims of the '309 Patent on all the grounds Connectify identified in its Request for Reexamination.  A true and correct copy of the PTO's Order Granting Request for *Ex Parte* Reexamination (the "Reexamination Order") is attached hereto as Exhibit A.

Connectify promptly brings this motion to stay pending the PTO's resolution of the EPR.

## III.    LEGAL STANDARD

District Courts have discretion to stay proceedings incident to their inherent power to control their docket.  *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936).  This authority "extends to patent cases in which a review by the PTO has been requested."  *Pride Mobility Prods. Corp. v. Permobil, Inc.*, No. 13-01999, 2013 WL 8445809, at *2 (E.D. Pa. Aug. 14, 2013) (quoting *Neste Oil Oyj v. Dynamic Fuels, LLC,* No. 12-1744, 2013 WL 3353984, at *1 (D. Del. July 2, 2013)).  *See also Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 849 (Fed. Cir. 2008) (The court has "consistently recognized the inherent power of the district courts to grant a stay pending reexamination of a patent.").

District Courts in the Third Circuit typically consider three factors when deciding whether to stay litigation pending the outcome of PTO reexamination of patents-in-suit: "(1) whether a stay will unduly prejudice or present clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and the trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Infinity Computer Prods., Inc. v. Samsung Elecs. Am., Inc.*, No. 12-6798, 2013 WL 12207507, at *3 (E.D. Pa. Apr. 30, 2013) (citing *In re Laughlin Prods., Inc.*, 265 F. Supp. 2d 525, 530-31 (E.D. Pa. 2003)).

A stay is "particularly justified when 'the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues.'" *British Telecomms. PLC v. IAC/InterActiveCorp*, No. 18-cv-366, 2020 WL 5517283, at *2 (D. Del. Sept. 11, 2020) (citation omitted). Courts have thus adopted a "liberal policy in favor of issuing stays pending post-grant proceedings." *3rd Eye Surveillance, LLC v. United States*, 172 Fed. Cl. 498, 502 (2024) (citing *TC Tech. LLC v. Sprint Corp.*, No. 16-153, 2021 WL 4521045, at *4 (D. Del. Oct. 4, 2021)).

As set forth below, all factors weigh heavily in favor of granting a stay of this action. In particular, the outcome of EPR will assist the Court in determining the issues before it and may eliminate the need for further proceedings altogether, thus conserving judicial resources. Connectify respectfully requests that the Court grant its motion and stay this action pending resolution of the EPR request.

## IV.  ARGUMENT

### A.    A Stay of This Case Will Not Prejudice Bounts.

The first factor favors granting the instant motion because a stay of this case pending the outcome of the EPR will not prejudice nor pose any "clear tactical disadvantage" to Bounts. Bounts does not manufacture or sell any product incorporating the '309 Patent. There can be no

3

prejudice or disadvantage to a plaintiff from the stay of a patent action pending reexamination where, as here, the plaintiff does not practice the patent-in-suit. *See, e.g.*, *3rd Eye Surveillance, LLC*, 172 Fed. Cl. at 504 (2024) (entering stay pending reexamination and holding, where plaintiff did not practice patent at issue, that it could seek monetary damages, and noting "mere delay in collecting ... damages does not constitute undue prejudice.") (quoting *Cellular Commc'ns Equip., LLC v. Samsung Elecs. Co.,* No. 6: 14-cv-759, 2015 WL 11143485, at *2 (E.D. Tex. Dec. 16, 2015)); *Infinity Computer Prods., Inc. v. Samsung Elecs. Am., Inc.*, No. 12-6798, 2013 WL 12207507, at *3 (E.D. Pa. Apr. 30, 2013) (granting request for stay pending PTO's reexamination, as plaintiff "did not seek a preliminary injunction, is not a direct competitor of Defendants, and does not manufacture or sell products that practice the patented technology. Since no competing products are at issue here, any delay caused by reexamination will not diminish [plaintiff's] measure of damages."); *Kuruvilla v. Se. Pennsylvania Transportation Auth.*, No. 10-5249, 2011 WL 13227694, at *2 (E.D. Pa. June 15, 2011).

In *Kuruvilla*, another court in this District granted the defendant's motion for a stay pending reexamination of the patents-in-suit and noted, with respect to the first factor, that "plaintiffs do not compete with the defendant and do not manufacture or sell any products that use the technology in the patents at issue." *Id.* The court went on to explain that the plaintiff could ultimately collect monetary damages to compensate them for any injury, which would continue to accrue during the period of any stay, "therefore protecting the plaintiffs' ability to fully recover for any injury." Accordingly, the court found that the length of reexamination proceedings alone "is not sufficient to warrant a denial of a motion to stay. If it were, no court would ever stay litigation pending PTO reexamination. The plaintiffs must point to some prejudice or tactical disadvantage that results from this delay, which the Court finds they have failed to do." *Id.*

4

The same result is warranted here. Bounts does not manufacture or sell any products utilizing the technology in the '309 patent.[1] It thus cannot demonstrate any prejudice or "tactical disadvantage" it will suffer if the Court enters a stay. Connectify denies that it infringes the '309 Patent, but even if Bounts were to carry its burden to establish infringement, Bounts can be adequately compensated by monetary damages, and any delay in recovering those damages does not establish prejudice. Accordingly, the first factor weighs in favor of staying this matter.

**B.      The Potential to Simplify the Issues Here Is at Its Highest.**

As the Courts in this District and within the Third Circuit have routinely recognized, the potential for simplification of the issues in a case is a critical factor bearing on the analysis of whether a stay is proper. *See, e.g., Pride Mobility Prods. Corp. v. Permobil, Inc.*, No. 13-01999, 2013 WL 8445809, at *3 (E.D. Pa. Aug. 14, 2013). Simplification of the issue is particularly important because "the cancellation, amendment, or clarification" of the plaintiff's claims during the PTO reexamination or review process may render the "litigation unnecessary or permit any necessary amendment" to the claims, should they survive the review process. *Id.* (citing *ICI Uniqema, Inc. v. Kobo Prods., Inc.*, No. 06-2943, 2009 WL 4034829, at *2 (D.N.J. Nov. 20, 2009)).

Where, as here, the PTO is reexamining "*all* asserted claims of the *sole* asserted patent," the potential to simplify the case is at its highest. *British Telecomms.*, 2020 WL 5517283, at *10 (quoting *Virtual Agility, Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1314 (Fed. Cir. 2014)); *TC Tech.*, 2021 WL 4521045, at *5 (same). Just as in *British Telecomms.*, where the court stayed the case after the PTO granted reexamination of the sole claim asserted in the litigation, the instant

---

[1] Bounts alleges only that it "sells and offers for sale patent *licenses* for devices and methods for operating a wireless access point for providing access to a network throughout the United States, including in the state of Pennsylvania." *See* Sec. Am. Compl. (ECF Doc. No. 26) at ¶ 9 (emphasis added).

case is "a prime example of a case in which a reexamination decision has the greatest likelihood of simplifying issues at trial" because reexamination has been granted on all claims of the '309 Patent. *See* 2020 WL 5517283, at *9.

In *ICI Uniqema*, the United States District Court for the District of New Jersey granted the defendant's request for a stay pending the PTO's *ex parte* reexamination of the patents-in-suit, finding a stay would simplify the issues in litigation.  In so holding, the court set forth the "many advantages" recognized with respect to staying an action pending reexamination, including:

> (1) a review of all prior art presented to a court by the PTO, with its particular expertise; (2) the potential alleviation of numerous discovery problems relating to prior art by PTO examination; (3) the potential dismissal of a civil action should invalidity of a patent be found by the PTO; (4) encouragement to settle based upon the outcome of the PTO reexamination; (5) an admissible record at trial from the PTO proceedings which would reduce the complexity and length of the litigation; (6) a reduction of issues, defenses and evidence during pre-trial conferences; and (7) a reduction of costs for the parties and a court.

*ICI Uniqema, Inc.*, No. 06-2943, 2009 WL 4034829, at *1 (collecting cases, citations omitted).

All of these advantages have the potential to be realized upon entry of a stay in this case. A stay has significant potential to simplify the issues here and will serve the interests of judicial economy.  The reexamination proceedings will "eliminate, narrow, or clarify key disputed issues in this litigation."  The parties will not need to litigate any claims that may be invalidated during the reexamination process, and it is possible that any claims surviving reexamination may be amended.  A stay would thus "prevent resources from being expended on invalid or amended claims." *Id.* at *2.  The Court will not need to consider and resolve claim construction through a *Markman* hearing, fact and expert discovery issues, post-discovery motions practice (including summary judgment), pre-trial and trial, or any other contested issues, on claims for which the '309

Patent have been determined to be invalid or subject to amendment, which may substantively change claim scope and meaning.

And, even if the EPR does not lead to the cancellation or amendment of any claims, the PTO's "expert opinion may still provide valuable insight to the Court[,]" further simplifying the litigation process. *Infinity Computer Prods., Inc. v. Samsung Elecs. Am., Inc.*, No. 12-6798, 2013 WL 12207507, at *4 (E.D. Pa. Apr. 30, 2013). *See also Heraeus Electro-Nite Co., LLC v. Vesuvius USA Corp.*, No. 09-2417, 2010 WL 181375, at *1 (E.D. Pa. Jan. 11, 2010) ("[W]hether or not the PTO ultimately amends or invalidates a patent's claims during reexamination, the PTO's reexamination provides the Court with an expert funneling of the issues for trial.") (quoting *Spa Syspatronic, AG v. Verifone, Inc.*, No. 2:07-416, 2008 WL 1886020, at *1 (E.D. Tex. Apr. 25, 2008)).

Determining the validity of the claims of the '309 Patent will involve highly technical analyses, which can be significantly aided (or eliminated entirely) by the PTO's decision on the EPR. By proceeding only after receiving the benefit of the PTO's expert opinion and analyses, the parties and the Court will preserve significant time and resources. *See, e.g.*, *Pride Mobility Prods. Corp.*, No. 13-CV-01999, 2013 WL 8445809, at *3 (noting that even where contested patent claims survive the PTO review process, a stay ultimately operates to "facilitate trial … by providing the district court with the expert view of the PTO"); *GPAC, Inc. v. D.W.W. Enters., Inc.*, 144 F.R.D. 60, 62–63 (D.N.J.1992) ("[T]here would be benefits to the District Court if this action were stayed so as to shift to the PTO the significant, and often times technical, issue of patent claim validity.").

Though Connectify would still be entitled to litigate the validity of the '309 Patent at trial after reexamination (assuming any claims survive), "the benefits of simplification still accrue for

7

any claims that the PTO cancels or amends." *Heraeus Electro-Nite Co., LLC v. Vesuvius USA Corp.*, No. 09-2417, 2010 WL 181375, at *2 (E.D. Pa. Jan. 11, 2010).  It is likely that certain of the '309 Patent claims may be, at the very least, amended because of the EPR process, if not cancelled.  Data published by the PTO indicates that, as of September 2024 (which is the most recent data made available), *seventy-eight percent (78%)* of *ex parte* reexamination requests granted by the PTO result in determinations that the claims at issue should be cancelled or modified.[2]  Given the significant likelihood that the EPR process will result in cancellation or amendment of at least some of the claims at issue (if not all of them), a stay is "particularly appropriate" as "the reexamination result might assist the court in making a validity determination or would eliminate the need to make an infringement determination."  *Cross Atl. Cap. Partners, Inc. v. Facebook, Inc.*, No. 07-2768, 2008 WL 3889539, at *1 (E.D. Pa. Aug. 18, 2008), *vacated following PTO determination of patent validity*, No. 07-2768, 2010 WL 4751673 (E.D. Pa. Nov. 22, 2010).  *See also Hanover Prest-Paving Co. v. Staten Island Bldg. Prods. Dist Inc.*, No. 1:21-1672, 2022 WL 22929763, at *1 (M.D. Pa. Apr. 6, 2022) (granting motion for stay and noting that more than 75% of claims subject to the *ex parte* reexamination process are either modified or cancelled, supporting the finding that the stay would simplify the issues for determination).

For these reasons, because a stay will simplify (or could indeed fully resolve) Bounts' case, the second factor weighs heavily in favor of granting a stay.

### C.    Given That the Most Burdensome Aspects of Litigation All Lie in the Future, the Stage of Proceedings in This Case Weighs in Favor of a Stay.

This case is still in its very early stages, with fact discovery only having just opened and claim construction briefing not even started.  Indeed, neither party has served any discovery

---

[2] A true and correct copy of the PTO's Ex Parte Reexamination Filing Data – September 30, 2024, is attached hereto as Exhibit B and is accessible at https://www.uspto.gov/learning-and-resources/statistics/reexamination-information.

requests. Accordingly, the stage of the district court proceeding weighs in favor of a stay because a large portion of the remaining work in the case for the parties and the Court – including initiation and completion of fact and expert discovery, claim construction, dispositive motions practice, preparation for trial, the trial itself, and post-trial motions practice – lies in the future. *See Destination Maternity Corp. v. Target Corp.*, 12 F. Supp. 3d 762, 770 (E.D. Pa. 2014) ("Courts often find the stage of litigation weighs in favor of a stay if there remains a significant amount of work ahead for the parties and the court, even when the parties and/or the court have already devoted substantial resources to the litigation.").

The parties here – and Bounts, in particular – have not devoted substantial time or resources to the litigation. As noted, Bounts has not even served discovery requests on Connectify. Accordingly, a stay now would provide substantive benefit. Fact discovery has only recently opened and is currently scheduled to continue until April 2026. The parties have not yet begun claim construction briefing, with the *Markman* hearing scheduled for more than four months from now, in February of 2026. The parties have not yet exchanged any document productions nor propounded any written discovery requests. The dispositive motion deadline is more than eleven months away, and trial is currently scheduled for more than one year from now, in November of 2026. *See* Sept. 10, 2025 Amended Scheduling Order (ECF Doc. No. 59). If a stay is not entered, "the parties and the court will have to expend a considerable amount of resources on discovery, motions practice, and trial." *Destination Maternity Corp.*, 12 F. Supp. 3d at 770. A stay "will avoid the potential waste of judicial and litigant resources" and thus the stage of the litigation weighs in favor of this final factor in the analysis. *Id.* at 770-71 (granting defendant's motion for stay pending PTO review of patents at issue where, although the parties had already conducted a

significant amount of discovery, fact and expert discovery was "nowhere near complete" and parties had not yet filed any dispositive motions).

District Courts, including this one, have granted stays in cases in scenarios similar to this case, and in many instances, in cases having progressed significantly further along than this one. *See, e.g., id.*; *Purolite Int'l, Ltd. v. Rohm & Haas Co.*, No. 91-2740, 1992 WL 142018, at *3 (E.D. Pa. June 15, 1992) (granting stay pending reexamination, noting the case "is presently in the pretrial stage with discovery only having commenced several months ago."); *TC Tech.*, 2021 WL 4521045, at *7, 11 (granting a stay even though claim construction and fact discovery had completed and trial was approximately two months away, in part because "the most burdensome parts of the case for the parties and the court all lie in the future"); *British Telecomms.*, 2020 WL 5517283, at *5-6 (granting a stay even though fact discovery had been completed and trial was three months away, in part because "the most burdensome parts of the case for the parties and the court—preparation for trial, going through the trial process, and engaging in post-trial motions practice—all lie in the future"); *Smartflash LLC v. Apple Inc.*, 621 F. App'x 995, 1005 (Fed. Cir. 2015) (holding that the district court abused its discretion when it denied a stay prior to trial, explaining that "[d]espite the substantial time and effort already spent in this case, the most burdensome task is yet to come"); *AGIS Software Dev. LLC v. Google LLC*, No. 2:19- 361, 2021 WL 465424, at *3 (E.D. Tex. Feb. 9, 2021) (granting a stay even though discovery was complete, pretrial briefing was submitted, and jury selection was impending because "there remain significant resources yet to be expended by the parties, including at the pretrial conference and preparations leading up to an actual trial of this case"); *ClearPlay v. Dish Network LLC*, No. 2:14-00191, 2021 WL 2515008, at *2-3 (D. Utah June 18, 2021) (granting a stay despite seven years of litigation because "there are substantial proceedings yet to be completed, including expert

10

discovery, dispositive motions, and trial"); *Ramot at Tel Aviv Univ. Ltd. v. Cisco Sys., Inc.*, No. 2:19-225, 2021 WL 121154, at *2 (E.D. Tex. Jan. 13, 2021) (granting a stay six weeks before trial); *Broadcast Innovation, L.L.C. v. Charter Commc'ns, Inc.*, No. 03-2223, 2006 WL 1897165, at *8-10 (D. Colo. July 11, 2006) (granting a stay less than three months before trial; court cited cases in which stays were granted as little as 20 days before trial).

Given the significant amount of work that remains to be completed in litigating Bounts' infringement claims, this factor also weighs heavily in favor of granting a stay.

## V.     **CONCLUSION**

In sum, all factors weigh in favor of a stay. As explained herein, a stay will conserve resources for the Court and the parties, it will likely greatly or totally simplify Bounts' case, and it will impose no undue hardship upon Bounts. Accordingly, Connectify respectfully requests that the Court grant this Motion and stay this case pending resolution of the EPR proceedings.

Dated:    September 26, 2025                  Respectfully submitted,

*/s/ Patrick R. Kingsley*
Patrick R. Kingsley (Pa. Attorney No. 62915)
Philip J. Foret (Pa. Attorney No. 87509)
Chelsea A. Biemiller (Pa. Attorney No. 319625)
STRADLEY RONON STEVENS & YOUNG, LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103
610-640-5800
pforet@stradley.com
*Counsel for Defendant, Connectify, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on September 26, 2025, a copy of the foregoing

document was served on all counsel of record via electronic mail and ECF.

*/s/ Chelsea A. Biemiller*
Chelsea A. Biemiller