# EXHIBIT A

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/015,423 | 08/01/2025 | 9258309 | CNF-9010 | 1073 |

77345          7590          09/16/2025
Graeser Associates International Inc.
ATTN: Myra Spearman
111 West Jackson
Suite 1700
Chicago, IL 60604

| EXAMINER |
|---|
| PEIKARI, BEHZAD |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 09/16/2025 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

 **UNITED STATES PATENT AND TRADEMARK OFFICE**

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

Ashery Law LLC
1709 Brittany Drive
Maple Glen, PENNSYLVANIA 19002

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/015,423* .

PATENT UNDER REEXAMINATION *9258309* .

ART UNIT *3992* .

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

| *Order Granting Request For Ex Parte Reexamination* | Control No. 90/015,423 | | Patent Under Reexamination 9258309 | |
|---|---|---|---|---|
| | Examiner BEHZAD PEIKARI | | Art Unit 3992 | AIA (FITF) Status No |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>08/01/2025</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments:  a)☐   PTO-892,       b)☑   PTO/SB/08,       c)☐   Other: _____

1. ☑    The request for *ex parte* reexamination is GRANTED.

    RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional):  TWO MONTHS  from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

| /B. JAMES PEIKARI/ Primary Examiner, Art Unit 3992 | |
|---|---|

cc:Requester ( if third party requester )

U.S. Patent and Trademark Office
PTOL-471G(Rev. 01-13)                    **Office Action in *Ex Parte* Reexamination**                    Part of Paper No. 20250905

Application/Control Number: 90/015,423                                    Page 2
Art Unit: 3992

## ORDER GRANTING REQUEST FOR *EX PARTE* REEXAMINATION

The request filed by a third party requester on August 1, 2025 alleges that there

is at least one substantial new question of patentability (SNQ) affecting claims 1-19 of

U.S. Patent Number 9,258,309 (the '309 patent).

For the reasons explained below, the request for *ex parte* reexamination is

**GRANTED**.


### *Patent Owner's Statement*

Patent owner has not requested and has not agreed to waive the right to file a

patent owner's statement under 35 U.S.C. 304 at this time.


### *Information Disclosure Statement*

With respect to the Information Disclosure Statement(s) (PTO/SB/08A and 08B

or its equivalent) attached hereto, the information cited thereon has been considered to

the extent set forth in MPEP §§ 2256 and 2656.

MPEP §§ 2256 and 2656 indicate that degree of consideration to be given to

such information will be normally limited by the degree to which the party filing the

information citation has actually explained the (1) content and (2) relevance of the

information.

For example, the reference Altunbasak was not cited in compliance with 37 CFR

1.510(b)(1)(2) and was not included in the proposed grounds of rejection set forth in the

request and thus has been considered only to the extent that it was explained by the

third party requestor.

Application/Control Number: 90/015,423                                    Page 3
Art Unit: 3992

### *References*

The alleged SNQs are based on the following references:

(1)    U.S. Patent 6,067,569 to Khaki et al. ("Khaki").

(2)    U.S. Patent 8,543,710 to Turley et al. ("Turley").

(3)    U.S. Patent 7,447,795 to Naghshineh et al. ("Naghshineh").

(4)    U.S. Patent Application 2004/0103275 to Ji et al. ("Ji").

(5)    U.S. Patent 2002/0016858 to Sawada et al. ("Sawada").

(6)    Velmurugan, A., et al., "Mobile Ad-hoc Network Internetworking with Next
       Generation Internet," Information Technology Journal, 4: 398-404, 2005.

(7)    Bashir, M. S., "ARP Cache Poisoning with Ettercap," GIAC GSEC Security
       Essentials Certification, Practical Assignment, Version 1.4b, Option 1,
       August 4, 2003.


**Note:** Khaki, Turley, Naghshineh, Ji, Sawada, Velmurugan and Bashir were not made

of record during the original prosecution of the '309 patent and are not cumulative to the

art of record in the original file.  The teachings of Khaki, Turley, Naghshineh, Ji,

Sawada, Velmurugan and Bashir were not subject to any final holding of invalidity by a

federal court.


### *Brief Overview of the Patent*

The '309 patent is directed to operating a single network adapter for use on two

different sub-networks of the same type (note Figure 2 below):

Application/Control Number: 90/015,423                                    Page 4
Art Unit: 3992



Figure 2

Wherein the operating includes setting up a first network address and routing table in the network adapter for use in the first sub-network; setting up a second network address and routing table in the network adapter for use in the second sub-network; receiving data (and verifying a user's access rights) for one of the first and second sub networks, and re-transmitting the data to the other of the first and second sub-network, using the network addresses and routing tables.

Application/Control Number: 90/015,423                                        Page 5
Art Unit: 3992

### *Prosecution History*

The '309 patent matured from U.S. Patent Application No. 14/249,174 (the '174

application), filed on April 9, 2014, which was filed as a continuation application of U.S.

Patent Application No. 13/127,223, filed on May 2, 2011, now abandoned. U.S. Patent

Application No. 13/127,223 was filed as a National Stage entry of PCT/IB2009/054623,

with an international filing date of October 20, 2009.

The relevant prosecution history of the '174 application may be summarized as

follows:

- The '174 application was filed on April 9, 2014, with claims 1-19.

- On January 27, 2015, a non-final Office action was mailed wherein claims 1-19

  were rejected under 35 U.S.C. 103(a), on various grounds.

- On July 27, 2015 a response was filed wherein arguments were presented to

  dispute the rejections.

- On September 30, 2015, a Notice of Allowance was mailed, indicating the

  allowability of claims 1-19.  No reasons for allowance were made of record.

- On February 9, 2016, the '174 application issued as U.S. Patent Number

  9,258,309.

### *SNQs Raised in the Request*

The request proposed eighteen different SNQs, but by offering alternatives,

presented them as six different SNQs.  Nevertheless, each of the eighteen individual

SNQs have been considered in the preparation of this Order.

Application/Control Number: 90/015,423                                     Page 6
Art Unit: 3992

In keeping with the format of the request, which grouped multiple SNQs together, the SNQs are shown as follows:

- **Issue 1:** A SNQ as to claims 1, 10-13, 18 and 19 for obviousness over Khaki in view of Turley or Ji.

- **Issue 2:** A SNQ as to claims 1, 10-13, 18 and 19 for obviousness over Naghshineh in view of Turley or Ji.

- **Issue 3:** A SNQ as to claims 3, 6 and 14 for obviousness over Khaki or Naghshineh, in view of Turley or Ji, and further in view of Velmurugan.

- **Issue 4:** A SNQ as to claims 4, 5, 15 and 16 for obviousness over Khaki or Naghshineh, in view of Turley or Ji, and further in view of Velmurugan and Bashir.

- **Issue 5:** A SNQ as to claims 10 and 18 for obviousness over Khaki or Naghshineh, in view of Turley or Ji, and further in view of Sawada.

- **Issue 6:** A SNQ as to claims 2, 7-9 and 17 for obviousness over Khaki or Naghshineh, in view of Turley and Ji.

### *Discussion of SNQs*

A prior art patent or printed publication raises a substantial new question of patentability where there is:

(A)    a substantial likelihood that an Examiner would reasonably consider the prior art patent or printed publication important in deciding whether or not the claim is patentable; see MPEP §2242 (I), and

(B)      the same question of patentability as to the claim has not been decided in

a previous or pending proceeding or in a final holding of invalidity by a federal

court; see MPEP §2242 (III).

For any reexamination ordered on or after November 2, 2002, reliance on

previously cited/considered art, i.e., "old art," does not necessarily preclude the

existence of a substantial new question of patentability that is based exclusively on that

old art. Rather, determinations on whether a substantial new question of patentability

exists in such an instance shall be based upon a fact-specific inquiry done on a case-

by-case basis. See MPEP 2242.


**Issue 1**


*A SNQ as to claims 1, 10-13, 18 and 19 for obviousness over Khaki in view of
Turley or Ji.*


Khaki is directed to a computer system that includes a network card with an

onboard cache for interfacing with multiple computer networks, and a network adapter is

able to quickly forward network packets that it receives to other network destinations

without assistance from the main CPU. Network packets that are not forwarded via the

network adapter are processed by the main central processing of the computer system

that may apply filtering to the network packets and route network packets accordingly.

The main CPU provides routing information to the network card so that subsequently

received network packets can be transmitted to the network destinations without further

intervention by the main CPU.  Note Khaki, Figure 3:

Application/Control Number: 90/015,423                                Page 8
Art Unit: 3992



Fig. 3

Turley discloses a network access gateway for verifying user access to chosen network content. The verification process may utilize network firewall rule technology, configured to recognize clients by identity or membership in a group such that traffic from a user can then be subjected to a particular list of access rules, or "walled garden", by which network access is allowed.

Ji discloses a self-configured, portable, dynamic, and secure network system formed by devices that provide self-configured, portable, and secure wireless network access service to mobile users wherein only authorized users / devices are allowed to access and be served by the system.

Thus, the combination of Khaki and either Turley or Ji discloses features of claims 1, 10-13, 18 and 19 which the examiner would have considered during the original prosecution of the '309 patent, such as operating a single network adapter, comprising a single network interface card or module, to communicate wirelessly with a first sub-network and a second sub-network.

There is a substantial likelihood that an examiner would consider the teachings of the combination of Khaki and either Turley or Ji important in deciding the patentability of these claims.

Accordingly, it is agreed that the combination of Khaki and either Turley or Ji raises a SNQ as to claims 1, 10-13, 18 and 19.

**Issue 2**

*A SNQ as to claims 1, 10-13, 18 and 19 for obviousness over Naghshineh in view of Turley or Ji.*

The relevance of either Turley and Ji has been discussed above.

Naghshineh discloses network interface controller configured to facilitate communication among a host and external network connections to a network, utilizing a plurality of scatter gather circuits (104 a-104 d) connectable to a host via a bus (101). A packet buffer (112) is configured for communication with the scatter gather circuits (104a-104d). A plurality of access circuits (110a-110d) are configured to access external network connections. An optional forwarding engine (108) is selectable to generate routing information corresponding to data received via the access circuits

(110a-110d) and to provide the routing information to the packet buffer (112). Note

Naghshineh, Figure 1:



Figure 1

Thus, the combination of Naghshineh and either Turley or Ji discloses features of

claims 1, 10-13, 18 and 19 which the examiner would have considered during the

original prosecution of the '309 patent, such as operating a single network adapter,

comprising a single network interface card or module, to communicate wirelessly with a

first sub-network and a second sub-network.

There is a substantial likelihood that an examiner would consider the teachings of

the combination of Naghshineh and either Turley or Ji important in deciding the

patentability of these claims.

Accordingly, it is agreed that the combination of Naghshineh and either Turley or

Ji raises a SNQ as to claims 1, 10-13, 18 and 19.


**Issue 3**

*A SNQ as to claims 3, 6 and 14 for obviousness over Khaki or Naghshineh, in
view of Turley or Ji, and further in view of Velmurugan.*


The relevance of either Khaki or Naghshineh and the relevance of either Turley

or Ji has been discussed above.

Velmurugan discusses simulation results for routing protocols with different

gateway discovery approaches to analyze results for packet delivery ratio, normalized

overhead and normalized packet drop. The simulation is performed to test node mobility

and movement characteristics in communication between mobile nodes in a network, or

between mobile nodes and a fixed node.

Thus, the combination of either of Khaki or Naghshineh and either of Turley or Ji

with Velmurugan discloses features of claims 3, 6 and 14 which the examiner would

have considered during the original prosecution of the '309 patent, such generating and

sending broadcasts to inform wireless stations that the single network adapter is an

internet gateway.

Application/Control Number: 90/015,423                                              Page 12
Art Unit: 3992

There is a substantial likelihood that an examiner would consider the teachings of the combination of either of Khaki or Naghshineh and either of Turley or Ji with Velmurugan important in deciding the patentability of these claims.

Accordingly, it is agreed that the combination of either of Khaki or Naghshineh and either of Turley or Ji with Velmurugan raises a SNQ as to claims 3, 6 and 14.

**Issue 4**

*A SNQ as to claims 4, 5, 15 and 16 for obviousness over Khaki or Naghshineh, in view of Turley or Ji, and further in view of Velmurugan and Bashir.*

The relevance of either Khaki or Naghshineh and the relevance of either Turley or Ji and the relevance of Velmurugan has been discussed above.

Bashir discusses packet sniffing methods on switched networks so that network administrators can be prepared against open source sniffing tools. The paper discusses these methods and solutions to mitigate the risks presented.

Thus, the combination of either of Khaki or Naghshineh and either of Turley or Ji with Velmurugan and Bashir discloses features of claims 4, 5, 15 and 16 which the examiner would have considered during the original prosecution of the '309 patent, such generating and sending said broadcasts on the wireless network at a sufficient rate to override broadcasts from the wireless internet router.

There is a substantial likelihood that an examiner would consider the teachings of the combination of either of Khaki or Naghshineh and either of Turley or Ji with Velmurugan and Bashir important in deciding the patentability of these claims.

Application/Control Number: 90/015,423                                      Page 13
Art Unit: 3992

<u>Accordingly, it is agreed that the combination of either of Khaki or Naghshineh and either of Turley or Ji with Velmurugan and Bashir raises a SNQ as to claims 4, 5, 15 and 16</u>.


**Issue 5**

*A SNQ as to claims 10 and 18 for obviousness over Khaki or Naghshineh, in view of Turley or Ji, and further in view of Sawada.*


The relevance of either Khaki or Naghshineh and the relevance of either Turley or Ji has been discussed above.

Sawada discloses packet communications in a network system wherein user terminals linked via a network send and receive packets to and from a server for authentication.

Thus, the combination of either of Khaki or Naghshineh and either of Turley or Ji with Sawada discloses features of claims 10 and 18 which the examiner would have considered during the original prosecution of the '309 patent, such as authorizing a user when receiving data.

There is a substantial likelihood that an examiner would consider the teachings of the combination of either of Khaki or Naghshineh and either of Turley or Ji with Sawada important in deciding the patentability of these claims.

<u>Accordingly, it is agreed that the combination of either of Khaki or Naghshineh and either of Turley or Ji with Sawada raises a SNQ as to claims 10 and 18</u>.

Application/Control Number: 90/015,423                                    Page 14
Art Unit: 3992

## Issue 6

*A SNQ as to claims 2, 7-9 and 17 for obviousness over Khaki or Naghshineh, in view of Turley and Ji.*

The relevance of either Khaki or Naghshineh and the relevance of both Turley and Ji has been discussed above.

Thus, the combination of either of Khaki or Naghshineh and Turley and Ji discloses features of claims 2, 7-9 and 17 which the examiner would have considered during the original prosecution of the '309 patent, such as the use of a second sub-network subservient to a first sub-network.

There is a substantial likelihood that an examiner would consider the teachings of the combination of either of Khaki or Naghshineh and Turley and Ji important in deciding the patentability of these claims.

Accordingly, it is agreed that the combination of either of Khaki or Naghshineh and Turley and Ji raises a SNQ as to claims 2, 7-9 and 17.

### *35 USC 325(d)*

A review of the post grant history for the underlying patent indicates that there have been no other Office post grant challenges made to the patent (Reexamination Proceedings or *Inter Partes* Review, Post Grant Review, Covered Business Method trials). Accordingly, a discretionary denial of reexamination pursuant to 35 USC 325(d) is not applicable.

Application/Control Number: 90/015,423                                    Page 15
Art Unit: 3992

### *Conclusion*

Claims 1-19 are subject to reexamination.


### *Waiver of Right to File Patent Owner Statement*

In a reexamination proceeding, Patent Owner may waive the right under 37

C.F.R. 1.530 to file a Patent Owner Statement.  The document needs to contain a

statement that Patent Owner waives the right under 37 C.F.R. 1.530 to file a Patent

Owner Statement and proof of service in the manner provided by 37 C.F.R. 1.248, if the

request for reexamination was made by a third party requester, see 37 C.F.R 1.550(f).


### *Service of Papers*

After filing of a request for *ex parte* reexamination by a third party requester, any

document filed by either the patent owner or the third party requester must be served on

the other party (or parties where two or more third party requester proceedings are

merged) in the reexamination proceeding in the manner provided in 37 CFR 1.248.  The

document must reflect service or the document may be refused consideration by the

Office. See 37 CFR 1.550(f).


### *Extensions of Time*

Extensions of time under 37 CFR 1.136(a) will not be permitted in these

proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and

not to parties in a reexamination proceeding.  Additionally, 35 U.S.C. 305 requires that

*ex parte* reexamination proceedings "will be conducted with special dispatch" (37 CFR

Application/Control Number: 90/015,423                                Page 16
Art Unit: 3992

1.550(a)).  Extensions of time in *ex parte* reexamination proceedings are provided for in

37 CFR 1.550(c).


### *Litigation Reminder*

The patent owner is reminded of the continuing responsibility under 37 CFR

1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent

proceeding, involving the patent throughout the course of this reexamination

proceeding.  The third party requester is also reminded of the ability to similarly apprise

the Office of any such activity or proceeding throughout the course of this reexamination

proceeding.  See MPEP §§ 2207, 2282 and 2286.

Application/Control Number: 90/015,423                                          Page 17
Art Unit: 3992

      **All** correspondence relating to this *Ex Parte* reexamination proceeding should be directed:

By Mail to:   Mail Stop *Ex Parte* Reexam
               Attn: Central Reexamination Unit
               Commissioner of Patents
               United States Patent & Trademark Office
               P.O. Box 1450
               Alexandria, VA 22313-1450

By FAX to:   (571) 273-9900
               Central Reexamination Unit

By hand to: Customer Service Window
               Randolph Building
               501 Dulany Street
               Alexandria, VA 22314

To file and manage patent submissions in Patent Center, please visit https://patentcenter.uspto.gov. Visit https://www.uspto.gov/patents/apply/patent-center for more information about Patent Center and https://www.uspto.gov/patents/docx for information about filing in DOCX format.

For Patent Center transmissions, 37 CFR 1.8(a)(1)(i)(C) and (ii) states that correspondence (except for a request for reexamination and a corrected or replacement request for reexamination) will be considered timely filed if (a) it is transmitted via the Office's electronic filing system in accordance with 37 CFR 1.6(a)(4) , and (b) includes a certificate of transmission for each piece of correspondence stating the date of transmission, which is prior to the expiration of the set period of time in the Office action.

Any inquiry concerning this communication or earlier communications from the examiner, or as to the status of this proceeding, should be directed to B. James Peikari at telephone number 571-272-4185.  The reexamination specialist can normally be reached on Mon-Fri from 8:30am to 5:30pm.  If attempts to reach the specialist by telephone are unsuccessful, the examiner's supervisor, Alexander Kosowski, SPE Art Unit 3992, can be reached at 571-272-3744.   General inquiries may be directed to the Central Reexamination Unit at telephone number 571-272-7705.

/B. James Peikari/
Reexamination Specialist, Art Unit 3992

/ALEXANDER J KOSOWSKI/
Supervisory Patent Examiner, Art Unit 3992