IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Bounts TECHNOLOGIES LTD., | : |
| | : |
| Plaintiff, | : CIVIL ACTION NO. |
| | : |
| v. | : 2:23-cv-00890-MRP |
| | : |
| CONNECTIFY, INC., and DOES 1-100 | : |
| | : |
| Defendants. | : |

OPPOSITION OF PLAINTIFF TO

DEFENDANT'S MOTION TO STAY (ECF 60)

Plaintiff, Bounts Technologies Ltd., submits this response to Connectify's motion to stay (ECF 60).

Bounts requests that the motion to stay be denied, for at least the following reasons.

I.  RELEVANT CASE HISTORY

Bounts filed this action March 8, 2023. In an effort to resolve the matter, Bounts withheld service initially. Between March and July 2023, attempts to resolve the matter included the parties exchanges of potential litigation positions, Bounts asserting infringement, Connectify asserting noninfringement, invalidity and unenforceability. Without resolution of the matter, Connectify accepted service July 13, 2023.

Prior to answering the Complaint, Connectify filed a first Rule 12(b) motion to dismiss seeking dismissal on the grounds of noninfringement (ECF 10) and a motion for Rule 11 sanctions (ECF 11). Bounts opposed both motions and filed an Amended Complaint (ECF 15).

In response to the Amended Complaint, Connectify filed a second Rule 12(b) motion to dismiss seeking dismissal on grounds of noninfringement (ECF 18).

The Court denied the first motion to dismiss (ECF 10) as moot in light of the Amended Complaint.

Connectify filed a second motion for sanctions (ECF 24).  Bounts opposed.

Bounts filed a second Amended Complaint (ECF 26).  Connectify filed a motion to strike the second Amended Complaint (ECF 28).  Bounts opposed.

This Court accepted the second Amended Complaint, denied motion to strike ECF 28 as moot.  This Court also denied motion sanction motions (ECF 11, 24).

Before responding to the second Amended Complaint, Connectify filed a third Rule 12(b) motion asserting patent ineligibility under 35 U.S.C. § 101 of the patent statute (ECF 39, filed 2/24/25).  Bounts opposed the motion.

This Court denied the third motion to dismiss ECF 39 finding patent eligibility under section 101 ECF 45-46, 4/30/25).

Connectify filed an answer and counterclaim (ECF 49).  Bounts answered the counterclaim (ECF 50).

On July 10, 2025, the Court notice its Rule 16 Conference for August 5, 2025.

On August 1, 2025 (two business days before the Rule 16 Conference), Connectify filed a request for reexamination of all the claims of '309 patent-in-suit.

On September On August 5, 2025, an in-person Rule 16 conference was held in which Connectify agreed to a November 2026 trial date, requiring Markman exchanges including technical and sales information from Connectify September 22, 2025, claim construction briefs with a Markman hearing Feb 10, 2025, limited fact discovery closing April 20, 2025, expert

discovery closing July 15, 2025, a dispositive motion schedule closing September 14, 2026, and other pretrial dates up to November 10, 2026. At the in-person hearing, Connectify made no mention of its August 1, 2025 filing of a request for reexamination.

On September 2, 2025, Connectify stipulated to a proposed Pretrial Order which contained no mention of reexamination (ECF 57).

On September 10, 2025, the Court entered its scheduling order in this case (ECF 59).

The request for reexamination was granted September 16, 2025.

On September 25, 2025, Connectify filed this motion to stay (ECF 60).

## II. POINTS AND AUTHORITIES

While courts have the authority to order a stay pending reexamination of a patent,[1] this Court and others recognize they are not required to do so.[2] District courts applying Federal Circuit law,[3] have developed three factors to determine whether to stay a case pending reexamination: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set.[4] The moving party bears the burden of demonstrating that a stay is appropriate.[5]

---

[1] *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988).
[2] *Wonderland Nurserygoods Co. v. Thorley Indus.,* 858 F. Supp. 2d 461 (E.D. Pa. 2012); *Viskase Corp. v. Am. Nat. Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001). Federal Circuit law applies to "issues of substantive patent law and certain procedural issues pertaining to patent law." *Rsch. Corp. Techs., Inc. v. Microsoft Corp.*, 536 F.3d 1247, 1255 (Fed. Cir. 2008), see also footnote 3.
[3] The ordinary test for a stay requires the movant to "make out a clear case of hardship or inequity in being required to go forward." *Landis v. N. Am. Co.*, 299 U.S. 248, 255, 57 S. Ct. 163, 81 L. Ed. 153 (1936). This test, by contrast, shifts the inquiry to whether a stay will prejudice the non-moving party.
[4] *E.g., Infinity Computer Prods. v. Samsung Elec. Am.,* No. 12-6798, 2013 WL 12207507, at *3 (E.D. Pa. April 30, 2013).
[5] *Zomm, LLC v. Apple Inc.*, 391 F. Supp. 3d 946, 956 (N.D. Cal. 2019).

Applying this analysis many courts have denied motions to stay pending reexamination.[6]

---

[6] *E.g., Wonderland Nurserygoods Co. v. Thorley Indus.,* 858 F. Supp. 2d 461 (E.D. Pa. 2012)(motion to stay denied); *Akzenta Paneele + Profile Flooring N.C. LLC*, 464 F. Supp. 2d 481, 483-486 (D. Maryland Dec. 12, 2006)(motion to stay denied); *Bandspeed, Inc. v. Sony Elec., Inc.*, 2012 U.S. Dist. Lexis 189891*, at 4* (W.D. Texas May 30, 2012)(motion to stay denied); *BarTex Research v. FedEx Corp.*, 611 F. Supp. 2d 647, 651-654 (E.D. Texas April 20, 2009)(motion to stay denied); *Centillion Data Sys., LLC v. Avolent, Inc.*, 2006 U.S. Dist. Lexis 110987*, 1-2* (D. Del. April 24, 2006)(motion to stay denied); *CIF Licensing, LLC v. Denso Corp.*, 2008 U.S. Dist. Lexis 144042*, 2-8* (E.D. Texas Oct. 7, 2006)(motion to stay denied); *George Kessel Int'l v. Classic Wholesales*, Inc., 544 F. Supp. 2d 911, 912-913 (D. Ariz. 2008)(motion to stay denied); *Constellation IP, LLC v. Avis Budget Group, Inc.*, 2008 U.S. Dist. Lexis 121575*, -13* (E.D. Texas May 12, 2008)(motion to stay denied); *Lexington Lasercomb I.P.A.G. v. GMR Prods.*, 442 F. Supp. 2d 1277, 1278-1279 (S.D. Florida 2006)(motion to stay denied); *Medicis Pharm. Corp. v. Acella Pharms. Inc.*, 2011 U.S. Dist. Lexis 13878*, 1-4*(D. Arizona Feb. 9, 2011)(motion to stay denied); *Milwaukee Elec. Tool Corp. v. Hitachi Koki Co.*, 2012 U.S. Dist. Lexis 195105*, 1-11* (E.D. Wisconsin April 17, 2012)(motion to stay denied); *Nidec Corp. v. LG Innotek Co.*, 2009 U.S. Dist. Lexis 48123*, 1-22* (E.D. Texas April 3, 2009)(motion to stay denied); *Out RAGE, LLC v. New Archery Prods. Corp.*, 2013 U.S. Dist. Lexis 206206*, 1-10* (W.D. Wisconsin May 30, 2012)(motion to stay denied); *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 661-663 (E.D. Texas 2005)(motion to stay denied); *Voith Paper GmbH & Co.KG v. Johnsonfoils, Inc.*, 2008 U.S. Dist. Lexis 28983*, 1-5*(D. Delaware March 31, 2008)(motion to stay denied); *Wordtech Sys. v. Microboards Mfg., LLC*, 2010 U.S. Dist. Lexis 47907*, 1-7* (N.D. California April 22, 2010)(motion to stay denied); *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 405-408 (W.D. N.Y. 1999)(motion to stay denied); *3M Innovative Props. Co. v. Envisionware, Inc.*, 2010 U.S. Dist. Lexis 151342*, 1-8*(D. Minnesota Aug. 20 2010)(motion to stay denied); *A.R. Arena Prods. v. Grayling Indus.*, 2012 U.S. Dist. Lexis 194918*, 1-6*(N.D. Ohio Oct. 10, 2012)(motion to stay denied); *Cies Bisker, LLC v. 3M Co.*, 2008 U.S. Dist. Lexis 138956*, 3-9* (E.D. Texas Sept. 22, 2008)(motion to stay denied); *Esco Corp. v. Berkley Forge & Tool, Inc.*, 2009 U.S. Dist. Lexis 94017*, 1-12*(N.D. Cal. Sept. 28, 2009)(motion to stay denied); *In re Phoenix Licensing LLC*, 2009 U.S. Dist. Lexis 17525*, 2-18* (D. Arizona Feb. 24, 2009)(motion to stay denied); *Lectrolarm Custom Servs. V. Vicon Indus.*, 2005 U.S. Dist. Lexis 48482*, 3-19* (W.D. Tenn. Sept. 1, 2005)(motion to stay denied); *Lexington Lasercomb I.P.A.G. v. Unger*, 2006 U.S. Dist. Lexis 60064*, 1-4* (S.D. Florida July 31, 2006)(motion to stay denied); *Pentair Water Pool & Spa, Inc. v. Hayward Indus.*, 2012 U.S. Dist. Lexis 178630*, 2-16* (E.D. N. Carolina Dec. 18, 2012)(motion to stay denied); *Richter v. Supa Tech. Co.*, 2009 U.S. Dist. Lexis 149249*, 1-4* (D. Nevada March 26, 2009)(motion to stay denied); *Sunbeam Prods. v. Hamilton Beach Brands, Inc.*, 2010 U.S. Dist. Lexis 45654*, 2-16* (E.D. Virginia May 10, 2010)(motion to stay denied); *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1108-1111 (N.D. Cal. 2006)(motion to stay denied); *Thermolife Int'l, LLC v. Hi-Tech Pharms., Inc.*, 2019 U.S. Dist. Lexis 190428*, 3-4* (D. Georgia Oct. 3, 2019)(motion to stay denied);  United *Pet Group, Inc. v. MiracleCorp Prods.*, 2012 U.S. Dist. Lexis 88926*, 1-9* (E.D. Missouri June 27, 2012)(motion to stay denied);  *USNR, LLC v. Am. Wood Dryers, LLC*, 2025 U.S. Dist. Lexis 78567*, 1-9* (D. Oregon April 23, 2025)(motion to stay denied).

1.  Undue Prejudice and Disadvantage to Bounts

This Court in *Wonderland Nurserygoods Co. v. Thorley Indus.*[7] denied a stay pending reexamination finding prejudice when even a non-practicing entity by a delay in enforcing its patent rights:

> However, it is not necessary that the parties be direct competitors for prejudice to inure to the patentee. A patent grants "to the patentee...the right to exclude others from making, using, offering for sale, or selling the invention." 35 U.S.C. § 154 (2012). As one court has noted, "[t]he right to exclude, *even for a non-practicing entity*, may be the only way to fully vindicate the patentee's ownership in the patent." *BarTex*, 611 F.Supp.2d at 652 (emphasis added)(citing *Acumed LLC v. Stryker Corp.*, 551 F.3d 1323, 1327-28 (Fed. Cir. 2008)). If a non-practicing entity may overcome a stay based on the fact that its rights are not being vindicated, it is surely not critical that the parties be in direct competition.
>
> Thus, because a stay would prohibit [Plaintiff] from enforcing its right to exclude for several years, at a minimum, the Court finds that it would be prejudiced by a stay. …. the Court finds that this factor weighs against granting the motion to stay.

In this case, the '309 patent has a limited duration expiring Nov. 3, 2028.[8] Delay in this case of at least two years (discussed below) of the three remaining years of the '309 patent is prejudicial and may delay any other cases pursued by Bounts.

Whether the non-moving party would suffer undue prejudice is also guided by the relationship of the parties, the timing of the request for reexamination and the request for stay, and the status of the reexamination proceedings.[9] Considering these factors, Bounts would be prejudiced.

Bounts is prejudiced by Connectify delay in filing its request for reexamination. Connectify asserted invalidity as early as March 2023. Connectify could have filed invalidity-

---

[7] 858 F. Supp. 2d 461, 464 (E.D. Pa. 2012).
[8] 35 U.S.C. 154(a)(2)(patent duration 20 years from earliest priority date).
[9] *Ever Win Int'l Corp. v. Radioshack Corp.*, 902 F. Supp. 2d 503, 508 (D. Del. 2012).

based request for reexamination in early 2023.  Connectify did not file a request for reexamination in 2023 or 2024, but tactically waited twenty-nine (29) months to file its request for reexamination on the eve of scheduling order requiring the parties to move forward on the merits, including infringement and damages.

Bounts is prejudiced by the timing of the September 26, 2025 motion to stay.  On September 2, 2025 in a joint proposed scheduling order ECF 57, and as ordered in the Court's scheduling order (ECF 59), Connectify stipulated that by September 22, 2025, Connectify "shall also produce "… (2) technical document, including software where applicable, sufficient to show the operation of the accused product(s), and (3) summary, annual sales information for the accused product(s) for the two years preceding the filing of the Complaint, unless the parties agree to some other timeframe."[10]  The parties have not agreed to another time frame.  On September 22, 2025, Connectify did not produce the ordered technical information and sales information; Connectify has withheld the technical documents and sales information thereby prejudicing Bounts' ability to assess the technical features of the accused products and damages for settlement and/or for ongoing litigation and reexamination, and prejudicing Bounts' ability to frame meaningful and directed follow up discovery requests.[11]  Connectify now seeks to put a hold on its September 22, 2025 production obligation to the prejudice of Bounts.

Bounts is prejudiced by the lengthy estimated duration of the reexamination proceeding.  Reexamination of Bounts' '309 patent "has just begun."[12]  The reexamination order have not made any findings of invalidity.  There has been no office action in the reexamination finding

---

[10] ECF 57, page 4 of 4.
[11] Bounts reserves the right to seek production of Connectify's technical and sales information ordered and not objected to before this September 26, 2025 motion to stay.
[12] *Ever Win Int'l Corp.*, 902 F. Supp. 2d at 509.

obviousness of any claims of the '309. By Connectify's own filing, the average pendency of an *ex parte* reexamination proceeding is over two years,[13] plus time to appeal. Connectify is asking this court to require Bounts to wait 29 months plus two years, about 4.5 years to provide the Court only some information about its validity claims, as discussed further in the next section below.

Further, the estimated pendency of the reexamination is likely a year or more beyond the entire agreed upon period of time set forth in the scheduling order to address this case on the merits.

Bounts is also disadvantaged by now having added to its financial burden the burden of additional expenditure of resources for reexamination, while the litigation stands still.

This factor weighs against a stay.

    2.  Lack of material simplification

The reexamination proceeding does not conduct the claim construction analysis as done in litigation. The reexamination analysis consists of comparing the scope of the prior art to the elements of the claims.

In *Wonderland,* this Court recognized that "it is not clear the degree to which reexamination will simplify the issues that this Court must address."[14] This is true because reexamination can have a variety of outcomes, namely, the patent claims being cancelled as invalid, confirmed as written, or modified.[15] Any of these outcomes may or may not create the potential for simplification of issues for litigation by reducing the number of claims at issue,

---

[13] *Ex Parte* Reexamination Filing Data provided by Connectify, ECF 60-3, pages 3, 5, 7, 9, 11, 13, 14, 16, 20, 22, 24, 26, and 29.
[14] 858 F. Supp. 2d 461, 465 (E.D. Pa. 2012).
[15] *Ever Win Int'l Corp.*, 902 F. Supp. 2d at 505.

confirming the validity of claims, or narrowing the scope of modified claims.[16] Of course, the only way the *ex parte* reexamination would "finally resolve any issues of validity is if the PTO cancels some claims entirely,"[17] although Bounts could appeal any such determination.[18]

> Further, any fear of inconsistent rulings of more apparent than real:
>
> Before the district court, a patent is presumed valid and the party asserting invalidity must prove the facts to establish invalidity of each claim by clear and convincing evidence. 35 U.S.C. § 282; *Kaufman Co. v. Lantech, Inc.*, 807 F.2d 970, 974 (Fed. Cir. 1986). However, in a reexamination proceeding before the PTO, there is no presumption of validity and there must only be a preponderance of the evidence to show nonpatentability before the PTO may reject the patent claim(s). *Ethicon, Inc. v. Quigg, supra*, at 1427.
>
> If the district court determines that a patent is not invalid, the PTO will continue its reexamination because the two forums have different standards of proof for determining **[*408]** invalidity, such that the doctrine of collateral estoppel would not bar the PTO's reexamination. *Ethicon, supra*, at 1429, n. 3. On the other hand, if the district court determines that the patent is invalid, and that decision is either upheld on appeal or not appealed, the PTO may discontinue its reexamination, since the district court's order could have res judicata effect if the "patentee has had a full and fair chance to litigate the validity of his patent." *Id.*
>
> Thus, although there is the possibility that the defendants will be subjected to conflicting results in the parallel proceedings before this Court and the PTO, the danger is "more apparent than real." *Ethicon*, at 1428. Defendants were aware of the alleged prior art they cited to PTO in the request for reexamination as early as March of 1998, yet chose to continue litigation in this Court, waiting until October of 1998 (after an adverse decision in their motion for summary judgment) to petition PTO for reexamination.[19]

---

[16] *Id.* at 505-06.
[17] *Avago Techs.*, 2011 U.S. Dist. LEXIS 82665, 2011 WL 3267768, at *5.
[18] *See 35 U.S.C. § 134(b)* ("A patent owner in a reexamination may appeal from the final rejection of any claim by the primary examiner to the Patent Trial and Appeal Board, having once paid the fee for such appeal.").
[19] *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 407-408 (W.D. N.Y. 1999)

Based upon the Reexamination Data provided by Connectify, ECF 60-3, about 85% of claims subject to reexamination survive reexamination.[20] Only about 15% of reexamination result in all claims being cancelled.[21] It is highly likely that claims will remain for litigation.

Further, *ex parte* reexamination, unlike *inter partes* proceedings, does not impose estoppel upon third-party requesters.[22] That is, the USPTO could decide an issue one way and either Bounts or Connectify could argue the contrary position in this Court. *Id.* In sum, "[t]he *ex parte* reexamination procedure, unlike the *inter partes* procedure, takes longer, is less likely to result in material changes in the litigation, and addresses only certain aspects of the case. In addition, absent cancellation of all of the claims, [Connectify] will be free to re-argue invalidity before this Court following a years-long stay in favor of the PTO reexamination."[23] Thus, all the claims can be again before the Court.

Further, Connectify asserts additional defenses not subject to reexamination, namely, invalidity/ineligibility[24] under 35 U.S.C. § 101, invalidity by anticipation under 35 U.S.C. § 102,[25] and invalidity under 35 U.S.C. § 112[26] based upon the disclosure of the issued '309 Patent document. None of these invalidity issues are part of the reexamination ECF 60-2; the reexamination is only addressing obviousness under 35 U.S.C. § 103. This is confirmed by

---

[20] *Ex Parte* Reexamination Filing Data provided by Connectify, ECF 60-3, pages 3, 5, 7, 9, 11, 13, 15, 17, 19, 21, 23, 25, 27, 29, 31 and 33.
[21] *Id.*
[22] *TPK Touch Sols.*, 2013 U.S. Dist. LEXIS 132955, 2013 WL 5289015, at *2.
[23] *Id.* at *3 (footnote omitted).
[24] Maintained in Connectify's Preliminary Invalidity Contentions, page 5 ("As explained herein and in Exhibit 1, Defendant contends that each of the Asserted Claims is invalid under 35 U.S.C. §§ 101, 103, and/or 112.").
[25] *Id.*
[26] *Id.*

Connectify's express reservation in its reexamination request to pursue these defenses outside the reexamination.[27] There is no material reason to not proceed on the merits of these other defenses.

Given these competing considerations, this factor also weighs against a stay.

### 3. Stage of the Proceeding

This factor asks "whether litigation has progressed significantly enough for a stay to be disfavored."[28] Connectify moved for a stay twenty nine months after Bounts filed its Complaint. Four of the case's pendency is due to the parties' decision to attempt early settlement. Discovery is now underway. This Court has formally set Markman, production and discovery deadlines, dispositive motion procedure and deadline, pretrial requirements, and a trial date. Even though work still needs to be done, the proceedings are compressed to accommodate the November 2026 trial date. All dates were agreed upon my Connectify without mention of seeking a stay for any reason.

This factor also weighs against a stay.

As established herein, under the circumstances, the interests of justice are best served by keeping this case on track for timely adjudication. Balancing the above factors, the risk of substantial undue prejudice to Bounts, the limited prospects for simplification of this case and

---

[27] In its reexamination request, pages 16-17 Connectify stated: "Reservation of Rights Requester reserves all rights and defenses available, including, without limitation, defenses as to invalidity, unenforceability, and noninfringement regarding the '309 patent. Any interpretation or construction of the claims or particular terms, phrases or clauses made in this Request, either implicitly or explicitly, are solely for the purpose of this proceeding and should not be viewed as constituting, in whole or in part, Requester's own interpretation or construction. Moreover, because the *ex parte* reexamination procedure does not permit challenges under 35 *U.S.C. § 112*, Requester has not included any indefiniteness or written description arguments herein. Requester reserves the right, however, to raise such arguments in other proceedings."
[28] *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1025 (N.D. Cal. 2014).

the shortened trial schedule to be completed before reexamination is likely concluded, disfavor a stay. This Court should deny Connectify's motion to stay.

4. Equitable Considerations

In seeking to provoke reexamination, Connectify appears to have misstated the prosecution history of the '309 to the United States Patent Office (USPTO). The prosecution history is the record of the communications back-and-forth between the Patent Office and the applicant.

On behalf of Connectify, the following statement was made in Connectify's request for reexamination:

> In a Non-Final Office Action mailed on January 27, 2015, the Examiner rejected claims 1, 7, 9- 13 and 17-19 under 35 U.S.C. § 103(a) as being unpatentable over Luo (US 7,469,294) in view of Knox (US 2007/0225019) and Wu (US 2008/0069065). The remaining claims were rejected by combining the above references with Biswas (US 2007/0019540), Geoffrion (US 2005/0182839), Dutta (US 7,296,091, Regan (US 2006/0023730), and/or Klamer (US 2005/0163223).
>
> *In response, Applicant stated that the wrong claims had been examined, and submitted a copy of the claims that should have been examined. No amendments were made.*
>
> *The Examiner then allowed the application* with no comments or remarks. (emphasis added)[29]

This representation to the USPTO implies that nothing else happened to achieve allowance of the '309 Patent thereby requiring review in reexamination. This statement in Connectify's request does not tell the whole story; additional, material events of the prosecution history

---

[29] Ex. 1, Connectify' Request for Reexamination, page 22.

resulted in allowance of the '309 Patent which were previously known to and acknowledged by Connectify.

Two years before filing the request for reexamination, Connectify acknowledged in this litigation other material prosecution events which resulted in allowance of the '309 Patent. In Connectify's August 3, 2023 ECF 10, at page 5, Connectify informed this Court:

> On July 27, 2015, in response to the [January 27, 2015] Office Action, <u>the applicant argued that none of the Luo, Knox, or Wu prior art references suggest setting up a first and a second network address and routing table in a single interface card or module operable to communicate with a corresponding first and second sub-network</u>. *The Patent Examiner then allowed the application.* (emphasis added)

This August 3, 2023 statement is materially different from the August 2025 statement made requesting reexamination. That is, additional, material prosecution history occurred to achieve allowance of the '309 Patent, including rebutting all prior art rejections of obviousness based on the Luo, Knox and Wu prior art references. This is confirmed by the substance of the applicant's response.

Applicant's July 27, 2015 response in the prosecution history, pages 9-14 (B00068-00075)[30] rebutted at length all prior art rejections based upon obviousness; applicant pointed out to the Patent Examiner why the Luo, Knox, and Wu references do not render the claims of the '309 Patent obvious. The Patent Examiner studied applicant's rebuttal, accepted applicant's rebuttal and then being persuaded by applicant's rebuttal allowed claims 1-19 of the '309 Patent.[31]

---

[30] Ex. 2, Prosecution History of '309 Patent, 7-27-2015 response.
[31] If the Patent Office issues an office action in reexamination initially challenging the validity of the claims of the '309 Patent, Bounts' will show that the prior art submitted for consideration in the reexamination is no more relevant than the already rebutted Luo, Knox and Wu references.

III. CONCLUSION

Balancing the relevant factors for in considering a motion to stay pending reexamination, the substantial prejudice to Bounts, the length and effect of a anticipated delay caused by reexamination, and the speculative likelihood of materially simplifying issues before the Court outweigh the status of the proceedings. Balancing these factors disfavors a stay under the circumstances of this case.

Defendant's motion to stay should be denied in its entirety.

Dated this 10th day of October 2025.

        Respectfully submitted,

        /s/  *Todd E. Zenger*

        Todd E. Zenger
        DUREN IP PC
        610 E. South Temple Street,
        Suite 300
        Salt Lake City, UT 84102
        801-869-8535
        Email: tzenger@durenip.com

        Mark E. Seiberling (No. 91256)
        Kleinbard LLC
        Three Logan Square
        1717 Arch Street, 5th Floor
        Philadelphia, PA 19103
        Tel.: 215-568-2000
        Email: mseiberling@kleinbard.com

CERTIFICATE OF SERVICE

I certify that the forgoing paper was duly filed using the court's electronic filing system causing service on the following counsel, and/or that the foregoing was served on the following counsel by email:

Patrick R. Kingsley
Philip Foret
Samantha B. Kats
Stradley Ronon Stevens & Young, LLP
30 Valley Stream Parkway
Malvern, PA 19355-1481
tel.:    610.640.5813

*/s/ Todd E. Zenger*