**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BOUNTS TECHNOLOGIES LTD., | : | |
| Plaintiff, | : | CASE NO. 2:23-cv-00890 |
| v. | : | Judge Mia Roberts Perez |
| CONNECTIFY, INC. AND DOES 1-100, | : | |
| Defendants. | : | |

**JOINT STATUS REPORT**

Further to the Court's ORDER, dated February 26, 2026 [ECF No. 79], the Parties submit this Joint Status Report to the Court.

1. **Second Reexamination No. 90/015,932: Reexamination Granted for all Claims of U.S. Patent No. 9,258,309**

The United States Patent and Trademark Office ("Patent Office") issued an Order, dated April 14, 2026, granting *ex parte* reexamination of all claims, i.e., claims 1-19, of U.S. Patent No. 9,258,309 in Reexamination No. 90/015,932. A true copy of the Order is attached as Exhibit 1. The Patent Office determined that substantial new questions of patentability affecting claims 1-19 of the '309 Patent were raised by Connectify's Request for Reexamination filed on February 2, 2026. The Patent Office indicated in its Order that Connectify raised two substantial new questions based on multi-reference prior art challenges.

2. **Third Reexamination No. 90/016,083: Reexamination Denied for all Claims of U.S. Patent No. 9,258,309**

Plaintiff's Position: The Patent Office issued an Order, dated April 23, 2026, denying *ex parte* reexamination of all claims, i.e., claims 1-9 of U.S. Patne No. 9,258,309.  A true copy of

the Order is attached as <u>Exhibit 2</u> declined to order reexamination of the '309 Patent based on Connectify's third Request for Ex Parte Reexamination, No. 90/016,083 directed at all claims, i.e., claims 1-19, of U.S. Patent No. 9,258,309. The Patent Office determined that no substantial new questions of patentability affecting claims 1-19 of the '309 Patent were raised by Connectify's Third Request for Reexamination filed on March 24, 2026.

The Patent Office Order disagreed with Connectify's argument that the Russell '309 Patent and parent application No. 13/127223 lacked support for setting up a first and second network address and routing table, and found that the Russell '309 Patent and parent application No. 13/127223 have disclosure supporting claim elements related to setting up a first and second network address and routing table. (Ex. 2, pages 5-6). This Order came to a diametrically opposed view of its earlier decision in the first reexamination, No. 90/015,423, in which the Patent Office determined that Bounts cannot rely on priority dates previously claimed for the '309 Patent.

Defendant's Position: The issue that was raised in the third reexamination request is completely independent of the issue that was raised in the second (granted) reexamination request, and has absolutely no bearing on the second reexamination request. The decision on the third reexamination request has multiple legal errors. Connectify is petitioning for Patent Office Director review of the decision denying the third reexamination. The mere fact that the Examiner of the third reexamination decision and the Examiner of the first reexamination decision reached directly contradictory conclusions on exactly the same issue warrants Patent Office Director review of the third decision. The Petition will be filed by May 22, 2026.

3. **Further Stay Through Completion of Reexamination**

The parties do not agree as to whether the stay should be maintained until the completion of Reexamination No. 90/015,932 and No. 90/016,083.

Plaintiff's position: Like the first and concluded reexamination, pending Reexamination No. 90/015,932 will initially determine in a first office action whether any single prior art reference or combination of prior art submitted by Connectify in its second request reexamination affects the validity of any claim 1-19. That first office action in this reexamination should occur in the coming weeks.

Like the first reexamination, the first office may be a notice of intent to issue a reexamination certificate again confirming claims 1-19. Depending on the nature and scope of the first office action, there appears to be no reason to continue the stay beyond the first office action, at which time.

Defendant's position: Reexamination No. 90/015,932 will determine the validity of some or all claims, i.e., claims 1-19, of U.S. Patent No. 9,258,309, in view of the submitted prior art and supporting expert declaration. Patent infringement relies on a plaintiff asserting at least one valid and enforceable claim, which reads on a defendant's product, process, or system. If the Patent Office determines that some or all claims of U.S. Patent No. 9,258,309 are invalid in view of the prior art at issue in Reexamination No. 90/015,932, then this will directly affect Bounts' infringement case including the need for claim construction, the scope of infringement analysis, the alternative validity theories arising under the Patent Statute that Connectify plans on raising in the litigation, and the potential scope of damages, amongst other critical issues to the case. Bounts would have the right to appeal any adverse decision by the patent examiner to the Patent Trial and Appeal Board (PTAB), which would also impact the litigation.

If the petition to the Director regarding Reexamination No. 90/016,083 is successful, this reexamination will also determine the validity of some or all claims, i.e., claims 1-19, of U.S. Patent No. 9,258,309, in view of the submitted prior art.  Such reexamination would have a similar impact as the second reexamination on this litigation.  If the Patent Office determines that some or all claims of U.S. Patent No. 9,258,309 are invalid in view of the prior art at issue in Reexamination No. 90/016,083, then this will directly affect Bounts' infringement case including the need for claim construction, the scope of infringement analysis, the alternative validity theories arising under the Patent Statute that Connectify plans on raising in the litigation, and the potential scope of damages, amongst other critical issues to the case.

### 4.  Duration of Reexamination

The anticipated duration of Reexamination Proceeding No. 90/015,932 could be as little as 2 month and up to 12 months. Since Bounts waived the optional patent owner response to the Patent Office Order, the initial determination of the patent examiner on claim validity can now proceed and will be provided between now and the mid-August 2026 timeframe. The scope and content of any reexamination beyond the first office will then be known. If there are any validity refusal in a non-final office action, then the reexamination proceeding could extend further into 2026 or early 2027.

If the petition to the Director is successful, Connectify believes that reexamination of Reexamination No. 90/016,083 will follow a similar timeline.

| Respectfully Submitted, | Respectfully Submitted, |
|---|---|
| */Todd E. Zenger/*<br>Todd E. Zenger<br>DUREN IP PC<br>610 E. South Temple Street, Suite 300 | */s/ David Scott*<br>Patrick R. Kingsley<br>Philip Foret<br>David Scott |

| | |
|---|---|
| Salt Lake City, UT 84102<br>Telephone: 801-869-8535<br>Email: tzenger@durenip.com<br>Mark E. Seiberling<br>Kleinbard LLC<br>Three Logan Square<br>1717 Arch Street, 5th Floor<br>Philadelphia, PA 19103<br>Tel.: 215-568-2000<br>Email: mseiberling@kleinbard.com | STRADLEY RONON STEVENS &<br>YOUNG, LLP<br>2005 Market Street, Suite 2600<br>Philadelphia, PA 19103<br>Telephone: (215) 564-8788<br>E-mail: pkingsley@stradley.com<br>E-mail: pforet@stradley.com<br>E-mail: dscott@stradley.com<br>*Attorneys for Defendant, Connectify,*<br>*Inc.*<br><br>Dated: April 29, 2026 |